1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN OVERPECK, et al.,

Plaintiffs,

v.

FEDEX CORPORATION, et al.,

Defendants.

Case No. 18-cv-07553-PJH

**ORDER GRANTING MOTION TO JOIN PARTIES AND MOTION TO SEAL**

Re: Dkt. Nos. 86, 87

Before the court is defendant FedEx Ground Package System, Inc.'s ("FedEx Ground" or "defendant") motion to join contracted service providers as necessary parties. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to join parties.

**BACKGROUND**

On December 14, 2018, plaintiffs Herman Overpeck and Kevin Sterling filed a putative class action against FedEx Corporation ("FedEx") and FedEx Ground. Dkt. 1. On January 29, 2020, plaintiffs filed a First Amended Complaint ("FAC"), which added a new named plaintiff, Shannon Sobaszkiewicz, and alleges twelve causes of action: (1) Common Law Fraudulent Misrepresentation; (2) Common Law Conversion; (3) Failure to Pay for All Hours Worked, Cal. Labor Code §§ 201, 202, 204, 221–23, and 226.2; (4) Failure to Provide Meal Periods, Cal. Labor Code §§ 226.7, 512 and 8 Cal. Code Regs. § 11090; (5) Failure to Provide Rest Periods, Cal. Labor Code § 226.7 and 8

1  Cal. Code Regs. § 11090; (6) Failure to Pay Minimum Wages, Cal. Labor Code

2  §§ 1182.11–82.12, 1194, and 1197–97.1; (7) Failure to Pay Overtime Compensation,

3  Cal. Labor Code §§ 510, 515.5, 1194, and 1198 et seq.; (8) Failure to Keep Accurate

4  Payroll Records, Cal. Labor Code §§ 1174–74.5; (9) Failure to Furnish Accurate Wage

5  Statements, Cal. Labor Code § 226; (10) Waiting Time Penalties, Cal. Labor Code

6  §§ 201–03; (11) Unfair Competition and Unlawful Business Practices, Cal. Bus. & Prof.

7  Code § 17200, et seq.; and (12) Private Attorneys General Act violations, Cal. Labor

8  Code § 2698, et seq.  Dkt. 85.

9  Defendant operates a network of package handling terminals and freight

10  transportation hubs.  FAC ¶ 48.  Plaintiffs are current or former long-haul and local

11  delivery drivers who provided transportation and delivery services to defendant in

12  California.  Id. ¶ 40.  Plaintiffs allege that previously FedEx Ground's labor force was

13  made up of individual drivers that FedEx Ground hired directly and labeled as

14  independent contractors.  Id. ¶ 7.  At some point, FedEx Ground pivoted to a so-called

15  "Independent Service Provider" ("ISP") model whereby an ISP entity employs the drivers

16  but then the drivers provide transportation and delivery services on behalf of FedEx

17  Ground pursuant to service agreements between the ISPs and FedEx Ground.  Id.  The

18  essence of plaintiffs' claim is that they are actually FedEx employees despite being

19  employed by the ISPs, i.e., that defendants are joint employers along with the ISPs.  E.g.,

20  id. ¶ 98.  As relevant to this motion, plaintiffs have not sued any ISP—only FedEx Ground

21  and FedEx.

22  According to the FAC, FedEx and FedEx Ground treat the drivers as if they were

23  defendants' employees.  They do so by requiring drivers to report to work at FedEx hubs

24  or terminals; requiring drivers to use specific equipment and have such equipment on

25  their vehicles; requiring drivers to wear FedEx uniforms and use the FedEx logo on

26  drivers' vehicles; supervising drivers' routes and any customer complaints.  Id. ¶ 8.

27  Plaintiffs accuse defendants of "subterfuge" by using intermediary ISPs to distance

28  themselves from the obligations of an employer under the California Labor Code.  Id.

1  ¶ 11. Thus, plaintiffs allege that defendants are liable for various Labor Code violations.

2  FedEx Ground states that the following ISPs employed the named plaintiffs and

3  are necessary parties to this litigation: Bondz, Inc.; G2 Logistics Inc.; Dourado Transport

4  Inc.; Dane Logistics, Inc.; Smart Choice Enterprise; Soumir Inc.; and Turner Holdings.

5  Each of these ISPs[1] operated under a standard base agreement with FedEx Ground.

6  Declaration of Timmy Dean Means (the "Means Decl."), Dkt. 87-1, ¶ 3. The agreement

7  between defendant and the ISPs permits the ISPs discretion to manage their businesses

8  as they wish and allocates to the ISPs responsibility for operating their businesses in

9  compliance with state and federal law, including labor laws. ISPs have full discretion

10 over the compensation of employees and assume sole responsibility for payroll

11 deductions and maintenance of records. Id. The agreements require ISPs to indemnify

12 and hold harmless defendant against any liabilities arising from claims brought against

13 defendant for failure of the ISPs to comply with any applicable laws. Id.

14 **DISCUSSION**

15 **A.    Legal Standard**

16 Federal Rule of Civil Procedure 19 "governs compulsory party joinder in federal

17 district courts." E.E.O.C. v. Peabody W. Coal Co. ("Peabody I"), 400 F.3d 774, 778 (9th

18 Cir. 2005). There are three successive inquiries required by Rule 19. Id. (citing United

19 States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999)).

20 "First, the court must determine whether a nonparty should be joined under Rule

21 19(a)"—that is, whether a nonparty is "necessary." Id. A nonparty is "necessary" if

22 joinder is "desirable in the interests of just adjudication." Peabody I, 400 F.3d at 779

23 (quoting Fed. R. Civ. P. 19 Advisory Committee Note (1966)). "'There is no precise

24 formula for determining whether a particular nonparty should be joined under Rule

25

26 _____

27 [1] FedEx Ground explains that it uses the terms Independent Service Provider to refer to contractors who provide pick-up and delivery services; Transportation Service Providers to refer to contractor providing linehaul services; and Contracted Service Providers to refer to both Independent Service Providers and Transportation Service Providers. Mtn

28 at 4.

1  19(a). . . . The determination is heavily influenced by the facts and circumstances of each

2  case.'" E.E.O.C. v. Peabody W. Coal Co. ("Peabody II"), 610 F.3d 1070, 1081 (9th Cir.

3  2010) (citations and internal quotation marks omitted).

4        A nonparty can be necessary under either Rule 19(a)(1)(A) or Rule 19(a)(1)(B).  A

5  nonparty is necessary under Rule 19(a)(1)(A) if "in that person's absence, the court

6  cannot accord complete relief among existing parties."  A nonparty is necessary under

7  Rule 19(a)(1)(B) if "that person claims a legally protected interest in the subject of the suit

8  such that a decision in its absence will (1) impair or impede its ability to protect that

9  interest; or (2) expose [an existing party] to the risk of multiple or inconsistent obligations

10  by reason of that interest."  Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.,

11  276 F.3d 1150, 1155 (9th Cir. 2002) (citing Fed. R. Civ. P. 19(a)).

12        Second, if a nonparty is necessary, "the second stage is for the court to determine

13  whether it is feasible to order that the absentee be joined."  Id.  Joinder is not feasible

14  "when venue is improper, when the absentee is not subject to personal jurisdiction, and

15  when joinder would destroy subject matter jurisdiction."  Peabody I, 400 F.3d at 779.

16        Third, if joinder is not feasible, the court must determine whether the party is

17  "indispensable" under Rule 19(b), that is, whether "in equity and good conscience, the

18  action should proceed among the existing parties or should be dismissed."  Fed. R. Civ.

19  P. 19(b).  "The inquiry is a practical one and fact specific and is designed to avoid the

20  harsh results of rigid application."  Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th

21  Cir. 1990) (citations omitted).

22        "To determine whether Rule 19 requires the joinder of additional parties, the court

23  may consider evidence outside of the pleadings."  Walter v. Drayson, No. CIV. 06-

24  00568SOM/KSC, 2007 WL 641413, at *4 (D. Haw. Feb. 26, 2007) (citing McShan v.

25  Sherrill, 283 F.2d 462, 464 (9th Cir. 1960); and Behrens v. Donnelly, 236 F.R.D. 509, 512

26  (D. Haw. 2006)).

27  / / /

28  / / /

4

**B.** **Analysis**

**1.** **Motion to Seal**

In support of its motion, defendant filed a motion to seal along with proposed documents to file under seal. Dkt. 86. Plaintiffs have not opposed this request.

There is a general presumption in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006). When a request to seal documents is made in connection with a motion, the court must determine whether the parties are required to overcome that presumption with "compelling reasons" or with "good cause." A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case"—regardless whether that motion is "technically dispositive"—must demonstrate that there are compelling reasons to keep the documents under seal. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Conversely, if the motion is only tangentially related to the merits, "a 'particularized showing," under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." Kamakana, 447 F.3d at 1180 (alteration in original) (quoting Foltz v. State Farm. Mut. Auto. Ins. Co., 331 F.3d 1122, 1135, 38 (9th Cir. 2003)).

Here, defendant's motion to join necessary parties is not dispositive nor is it tangentially related to the merits of the case. The motion only seeks to join necessary parties and does not resolve or advance any issue or claim on its merits. Accordingly, a good cause standard applies here. Defendant contends that good cause is met because the documents in question contain confidential, proprietary, and trade secret information regarding the details of its business operations and contractual terms with ISPs. Dkt. 86. The documents defendant requests to seal are FedEx Ground's contracts with the ISPs. Good cause exists to seal these confidential and proprietary documents. See, e.g.,

1    Finisar Corp. v. Nistica, Inc., No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *5 (N.D.

2    Cal. June 30, 2015) ("Courts regularly find that litigants may file under seal contracts with

3    third parties that contain proprietary and confidential business information."). For the

4    foregoing reasons, the court GRANTS defendant's motion to file under seal. Dkt. 86.

5         **2.    Request for Judicial Notice**

6         Defendant requests that the court take judicial notice of various public filings made

7    by the ISPs that defendant seeks to join to this action. Dkt. 87-3. Plaintiffs do not

8    oppose this request.

9         Federal Rule of Evidence 201 permits a court to notice a fact if it is "not subject to

10   reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if

11   it is "generally known," or "can be accurately and readily determined from sources whose

12   accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Documents

13   that are matters of public record may be judicially noticed. Rosal v. First Fed. Bank of

14   Cal., 671 F. Supp. 2d 1111, 1121 (N.D. Cal. 2009) (citing MGIC Indem. Corp. v.

15   Weisman, 803 F.2d 500, 504 (9th Cir. 1986); and W. Fed. Sav. v. Heflin, 797 F. Supp.

16   790, 792 (N.D. Cal. 1992)). The documents here are all matters of public record.

17   Accordingly, the court GRANTS defendant's request for judicial notice.

18        **3.    Whether the Independent Service Providers Are Necessary Under Rule**

19             **19(a)**

20        Defendant argues that plaintiffs and putative class members cannot obtain

21   complete relief without the ISPs because the ISPs are plaintiffs' employers. Mtn. at 10.

22   This is because the California Labor Code and Wage Orders impose liability on

23   employers. Id. at 10–11. Plaintiffs argue that FedEx and FedEx Ground can afford

24   complete relief due to the large amount of their stock value and operating income. They

25   also take issue with defendant's contractual right to indemnification as a basis for joinder.

26   Opp. at 6.

27        Finding a party necessary under Rule 19(a)(1)(A) requires the court to find that

28   "complete relief" cannot be accorded between the existing parties absent the ISPs'

1    joinder. "This factor is concerned with consummate rather than partial or hollow relief as

2    to those already parties, and with precluding multiple lawsuits on the same cause of

3    action." Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir.

4    1983) (citing Advisory Committee's Note, 39 F.R.D. 89, 91 (1966)).  In conducting a Rule

5    19(a)(1)(A) analysis, courts ask whether the absence of the party would preclude the

6    district court from fashioning meaningful relief as between the parties. Id. at 1044.  This

7    prong only concerns current parties to the action. Disabled Rights Action Comm. v. Las

8    Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004); see also NGV Gaming, Ltd. v.

9    Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) ("The effect a

10    decision may have on the absent party is not material." (internal quotation marks and

11    citation omitted)).

12         Ramirez v. Manpower, Inc., No. 5:13-CV-2880-EJD, 2014 WL 116531 (N.D. Cal.

13    Jan. 13, 2014), is helpful in understanding the relevant analysis.  There, the plaintiff filed

14    two state court actions against two sets of defendants, one action was against her

15    employer and the other action was against her employer's parent company and two other

16    subsidiaries. Id. at *1.  Both actions were removed to federal court and the parent

17    company and subsidiaries sought to join the employer under Rule 19.  The district court

18    stated the general rule that an employer is responsible for labor code violations under the

19    California Labor Code. Id. at *3.  The court reasoned that if the employer is liable under

20    the Labor Code, then the plaintiff's employer was necessary in the action. Id.  The court

21    stated, "[w]ithout Plaintiff's actual employer being party to this case, the Court's ability to

22    grant complete relief among the existing parties is impeded" and found that the employer

23    was a necessary party. Id.

24         This case is similar to Ramirez in a few critical aspects.  First, entities that

25    purportedly employs plaintiffs are not a party.  Plaintiffs contract with the ISPs to provide

26    services for FedEx Ground and FedEx.  The ISPs pay plaintiffs' wages.  Plaintiffs do not

27    dispute that the ISPs employ them, rather they contend that FedEx and FedEx Ground

28    are joint employers with the ISPs.  Second, plaintiffs bring claims under the California

7

1   Labor Code, which imposes liability on employers for violations of the statute and

2   applicable wage orders.  Because the Labor Code imposes liability on employers for

3   statutory violations, the ISPs are necessary to accord complete relief as plaintiffs'

4   employer or, potentially, joint employers.  See also Mattera v. Clear Channel Commc'ns,

5   Inc., 239 F.R.D. 70, 76 (S.D.N.Y. 2006) ("It is difficult to see how [the plaintiff] could be

6   accorded complete relief without [the absent party], the entity that employs and,

7   moreover, pays and makes charge backs to the wages of, members of the putative

8   class.").

9           Plaintiffs would have the court find that complete relief can be accorded between

10  the current parties because FedEx and FedEx Ground jointly employ plaintiffs and have

11  the financial means to cover any judgment.  This argument is misplaced because it

12  assumes that court can hold defendants liable for any violations committed by the ISPs.

13  This is because the California Labor Code, as a general rule, does not hold joint

14  employers to be joint and severally liable unless the statutory section in question explicitly

15  authorizes joint and several liability.  See Noe v. Superior Court, 237 Cal. App. 4th 316,

16  333–34 (Ct. App. 2015) (recognizing "no authority for the proposition that a joint employer

17  may be held liable for Labor Code violations committed by a cojoint employer based on

18  principles of agency or joint and several liability.  Rather, whether an employer is liable

19  under the Labor Code depends on the duties imposed under the particular statute at

20  issue").  Reviewing the particular statutes at issue here demonstrates that, if plaintiffs

21  were to prevail, one employer is not automatically liable for the violations of the other.

22          For example, in Serrano v. Aerotek, Inc., 21 Cal. App. 5th 773, 775–76 (Ct. App.

23  2018), the plaintiff brought suit against her former employer (a temporary staffing agency)

24  and a food production company to which the staffing agency provided staffing, including

25  the plaintiff's services.  The two entities had a contract providing that the temporary

26  employees would work under the food production company's management and

27  supervision and required the company to comply with applicable federal, state and local

28  laws.  Id. at 776.  The California Court of Appeal affirmed the trial court's finding that,

1  under California Labor Code § 226.7, the food production company satisfied its duty to

2  provide meal periods to the plaintiff. Id. at 780.  The court then rejected the plaintiff's

3  contention that the food production company was vicariously liable for the staffing

4  agency's alleged violations because the two entities were joint employers.  Relying on

5  Noe, the Serrano court reasoned that "whether an employer is liable for a co-employer's

6  violations depends on the scope of the employer's own duty under the relevant statutes,

7  not 'principles of agency or joint and several liability.'"  Id. at 784 (quoting Noe, 237 Cal.

8  App. 4th at 333–34).  The court held there was no vicarious liability based on joint and

9  several liability because the plaintiff "point[ed] to nothing in the language of the applicable

10  wage order or statutes to support the conclusion that an employer is liable not only for a

11  breach of its own duty but also for a co-employer's breach of the co-employer's own

12  duty."  Id.

13       As Noe and Serrano demonstrate, plaintiffs will only be able to hold FedEx, FedEx

14  Ground, and the ISPs joint and severally liable under the Labor Code if the statutory

15  sections and wage orders explicitly permit such liability.  They do not.  For example,

16  plaintiffs' fourth and fifth causes of action allege violations of Labor Code section 226.7

17  for failures to provide meal and rest periods.  Section 226.7 imposes liability on "[a]n

18  employer" but does not impose joint and several liability.  As a counterexample, Labor

19  Code section 2753 provides that any person who, for "money or other valuable

20  consideration," knowingly advises an employer to misclassify an employee "shall be

21  jointly and severally liable with the employer if the individual is found not to be an

22  independent contractor."  Thus, assuming plaintiffs prevail, and defendants are deemed

23  joint employers, it does not follow that the court will be able to accord complete relief

24  because defendants would not be joint and severally liable for any violations committed

25  by the ISPs.

26       This conclusion is distinguishable from liability under the federal Fair Labor

27  Standards Act ("FLSA"), which imposes joint and several liability on joint employers.  See

28  29 C.F.R. § 791.2.  Plaintiffs filed a notice of recent authority from a case in the district

9

1   court for the Western District of Pennsylvania that has substantially similar facts and

2   parties.[2]  Dkt. 100.  There, individuals filed an FLSA collective action alleging that FedEx

3   jointly employed the plaintiffs through intermediary service providers, who the plaintiffs

4   did not sue as defendants.  Sullivan-Blake v. FedEx Ground Package Sys., No. 18-1698,

5   2020 WL 518139, at *1 (W.D. Penn. Jan. 31, 2020).  Following a similar pattern as this

6   case, FedEx moved under Rule 19 to join the intermediary employers as necessary

7   parties.  The district court determined that it could accord complete relief among the

8   existing parties because, under the FLSA, each joint employer may be held jointly and

9   severally liable for the FLSA violations of the other.  Id. at *2 (citing Thompson v. Real

10  Estate Mortg. Network, 748 F.3d 142, 148 (3d Cir. 2014)).  The obvious difference here is

11  that plaintiffs' claims arise under the California Labor Code, not the FLSA.  As discussed,

12  the Labor Code does not affirmatively impose vicarious liability, which distinguishes it

13  from the FLSA.  See Noe, 237 Cal. App. 4th at 332 n.9 ("Federal regulations suggest a

14  different rule may apply under the Fair Labor Standards Act." (citing 29 C.F.R. § 791.2)).

15  Therefore, Sullivan-Blake is not persuasive.

16      Plaintiffs also contend that FedEx Ground's right to indemnification from the ISPs

17  does not detract from the court fashioning complete relief between the parties.  They cite

18  Tinoco v. San Diego Gas & Electric Co. for the proposition that "[a]n absent party need

19  not be joined simply because it may be required to provide indemnity for the loss.  The

20  focus is on complete relief between those already parties."  327 F.R.D. 651, 658–59 (S.D.

21  Cal. 2018) (alteration in original) (quoting Schwarzer, et al., Rutter Group Prac. Guide

22  Fed. Civ. Pro. Before Trial, § 7:73 (9th ed. 2018)).  The court agrees with the general rule

23  that the possibility that defendant has a right of reimbursement or indemnification against

24  _____

25  [2] Defendant filed an objection to plaintiffs' notice.  Dkt. 104.  Civil Local Rule 7-3(d)(2)
    provides that "[b]efore the noticed hearing date, counsel may bring to the Court's
26  attention a relevant judicial opinion published after the date the opposition or reply was
    filed by filing and serving a Statement of Recent Decision, containing a citation to and
27  providing a copy of the new opinion—without argument."  As defendant points out, the
    opinion plaintiffs submitted was published prior to the date their opposition was filed.
28  Because the opinion does not prejudice defendant, the court declines to strike plaintiffs'
    notice.  Plaintiffs are admonished to adhere to the Civil Local Rules.

United States District Court
Northern District of California

1  the ISPs is not sufficient to make the ISPs indispensable to this litigation.  The reason

2  behind this rule is that defendant could use Federal Rule of Civil Procedure 14(a) to bring

3  into the lawsuit any person "not a party to the action who is or may be liable to him for all

4  or part of the plaintiff's claim against him."  Fed. R. Civ. P. 14(a); Field v.

5  Volkswagenwerk AG, 626 F.2d 293, 298 (3d Cir. 1980), disagreed with on other grounds

6  by Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989).  Thus, it would not be

7  appropriate to find that the court could not fashion complete relief between the current

8  parties on the basis of an indemnification claim between FedEx Ground and the ISPs.

9  　　　　While the indemnification claim is between defendant and the ISPs, plaintiffs'

10  Labor Code claims are between plaintiffs and their employer.  See, e.g., Cal. Labor Code

11  § 226.7(b) ("An employer shall not require an employee to work during a meal or rest or

12  recovery period . . . .").  The potential indemnification claim is not the reason the court

13  cannot fashion complete relief between the current parties.  Instead, the absence of a

14  joint employer could preclude the court from fashioning complete relief if, for example,

15  one joint employer (e.g., FedEx Ground) fulfilled its obligations under the Labor Code

16  while the other joint employer (e.g., the ISPs) did not.  Thus, plaintiffs' indemnification

17  argument, while not incorrect, does not derogate from the court's conclusion that it

18  cannot accord complete relief between the current parties.  Accordingly, the ISPs are

19  required parties under Rule 19(a)(1)(A).  Because Rule 19(a)(1)'s requirement is

20  disjunctive, the court need not consider defendant's alternative arguments under Rule

21  19(a)(1)(B).

22  　　　　**4.  Whether it is Feasible to Order that the Absentee Parties Be Joined**

23  　　　　Defendant contends that it if feasible to join the ISPs.  Mtn at 14.  Plaintiffs do not

24  contend this point.  If a nonparty is necessary, the second stage is for the court to

25  determine whether it is feasible to order that the absentee be joined.  Joinder is not

26  feasible when venue is improper, when the absentee is not subject to personal

27  jurisdiction, and when joinder would destroy subject matter jurisdiction.

28  　　　　Here, the proposed parties are all California corporations with their principal places

11

1   of business in California.  See generally Dkt. 87-3.  For that reason, the court has

2   personal jurisdiction over those parties based on general jurisdiction.  Daimler AG v.

3   Bauman, 571 U.S. 117, 125, 137 (2014) ("With respect to a corporation, the place of

4   incorporation and principal place of business are 'paradig[m] . . . bases for general

5   jurisdiction." (alterations in original) (citations omitted)).  Next, plaintiffs bring their claims

6   under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).  FAC ¶ 37.

7   CAFA provides district courts with jurisdiction over class actions with an amount in

8   controversy that exceeds $5 million, exclusive of interest and costs, and any member of a

9   class of plaintiffs is a citizen of a State different from any defendant.  28 U.S.C.

10  § 1332(d)(2)(A).  Plaintiffs are California citizens and defendant FedEx is a Delaware

11  corporation with a principal place of business is Tennessee and FedEx Ground is a

12  Delaware corporation with a principal place of business in Pennsylvania.  FAC ¶¶ 41–45;

13  Dkt. 94-1.  Accordingly, any member of plaintiffs' class is different from either FedEx or

14  FedEx Ground regardless of the non-diverse California citizenship between plaintiffs and

15  the ISPs.  Finally, venue is appropriate where "a substantial part of the events or

16  omission giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  Plaintiffs allege that

17  their causes of action have arisen and occurred in part in this district.  FAC ¶ 39.  Adding

18  the ISPs does not change the location of where the causes of action arose and venue

19  remains proper in this district.  Thus, it is feasible to join the ISPs as defendants.

**CONCLUSION**

21      For the foregoing reasons, defendant's motion to join Bondz, Inc.; G2 Logistics

22  Inc.; Dourado Transport Inc.; Dane Logistics, Inc.; Smart Choice Enterprise; Soumir Inc.;

23  and Turner Holdings as necessary parties is GRANTED.  Additionally, defendant's

24  motion to seal is GRANTED.  Plaintiffs shall file and serve an amended complaint within

25  21 days of the filing of this Order and summons shall be issued by the Clerk of Court

26  ordering Bondz, Inc.; G2 Logistics Inc; Dourado Transport Inc.; Dane Logistics, Inc.;

27  Smart Choice Enterprise; Soumir Inc.; and Turner Holdings to appear in this action, and

28  that the summons and a copy of the amended complaint, together with a copy of this

1  Order, be served on Bondz, Inc.; G2 Logistics Inc; Dourado Transport Inc.; Dane

2  Logistics, Inc.; Smart Choice Enterprise; Soumir Inc.; and Turner Holdings within 21 days

3  from the date of the filing of the amended complaint.

4  **IT IS SO ORDERED.**

5  Dated: April 1, 2020

6  /s/ Phyllis J. Hamilton
   PHYLLIS J. HAMILTON
7  United States District Judge