UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN OVERPECK, et al.,

Plaintiffs,

v.

FEDEX CORPORATION, et al.,

Defendants.

Case No. 18-cv-07553-PJH

**ORDER GRANTING IN PART AND DENYING PART MOTION TO AMEND COMPLAINT**

Re: Dkt. No. 110

Before the court is plaintiffs Herman Overpeck, Kevin Sterling, and Shannon Sobaszkiewicz's ("plaintiffs") motion to amend complaint. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

On December 14, 2018, plaintiffs Overpeck and Sterling filed a putative class action against FedEx Corporation ("FedEx") and FedEx Ground Package System, Inc. ("FedEx Ground" and together with FedEx, "defendants"). Dkt. 1. On January 29, 2020, plaintiffs filed a First Amended Complaint ("FAC"), which added Sobaszkiewicz, and alleged twelve causes of action: (1) Common Law Fraudulent Misrepresentation; (2) Common Law Conversion; (3) Failure to Pay for All Hours Worked, Cal. Labor Code §§ 201, 202, 204, 221–23, and 226.2; (4) Failure to Provide Meal Periods, Cal. Labor Code §§ 226.7, 512 and 8 Cal. Code Regs. § 11090; (5) Failure to Provide Rest Periods, Cal. Labor Code § 226.7 and 8 Cal. Code Regs. § 11090; (6) Failure to Pay Minimum

Wages, Cal. Labor Code §§ 1182.11–82.12, 1194, and 1197–97.1; (7) Failure to Pay Overtime Compensation, Cal. Labor Code §§ 510, 515.5, 1194, and 1198 et seq.; (8) Failure to Keep Accurate Payroll Records, Cal. Labor Code §§ 1174–74.5; (9) Failure to Furnish Accurate Wage Statements, Cal. Labor Code § 226; (10) Waiting Time Penalties, Cal. Labor Code §§ 201–03; (11) Unfair Competition and Unlawful Business Practices, Cal. Bus. & Prof. Code § 17200, et seq.; and (12) Private Attorneys General Act violations, Cal. Labor Code § 2698, et seq.  Dkt. 85.

       Defendant FedEx Ground, a subsidiary of FedEx, operates a network of package handling terminals and freight transportation hubs.  FAC ¶ 48.  Plaintiffs are current or former long-haul and local delivery drivers who provided transportation and delivery services to FedEx Ground in California.  Id. ¶ 40.  Plaintiffs allege that previously FedEx Ground's labor force was made up of individual drivers that FedEx Ground hired directly and labeled as independent contractors.  Id. ¶ 7.  At some point, FedEx Ground pivoted to a so-called "Contract Service Provider" ("CSP") model whereby a CSP entity employs the drivers but then the drivers provide transportation and delivery services on behalf of FedEx Ground pursuant to service agreements between the CSPs and FedEx Ground.  Id.  The essence of plaintiffs' claim is that they are actually FedEx (or FedEx Ground) employees despite being employed by the CSPs, i.e., that defendants are joint employers along with the CSPs.  E.g., id. ¶ 98.  In their FAC, plaintiffs did not sue any CSP—only FedEx Ground and FedEx.

       According to the FAC, FedEx and FedEx Ground treat the drivers as if they were defendants' employees.  They do so by requiring drivers to report to work at FedEx hubs or terminals; requiring drivers to use specific equipment and have such equipment on their vehicles; requiring drivers to wear FedEx uniforms and use the FedEx logo on drivers' vehicles; supervising drivers' routes and any customer complaints.  Id. ¶ 8.  Plaintiffs accuse defendants of "subterfuge" by using intermediary CSPs to distance themselves from the obligations of an employer under the California Labor Code.  Id. ¶ 11.  Thus, plaintiffs allege that defendants are liable for various Labor Code violations.

2

FedEx Ground previously moved under Federal Rule of Civil Procedure 19 to join the CSPs that employed plaintiffs as necessary parties to this litigation. Dkt. 87. On April 1, 2020, this court issued an order in which it found that the CSPs were required parties and that joinder of these parties was feasible. Dkt. 105 at 11–12. The court ordered plaintiffs to file a second amended complaint within 21 days of the date of the order and to serve the CSPs within 21 days of the newly filed second amended complaint. Id. at 12–13. Rather than filing a second amended complaint ("SAC"), plaintiffs filed the present motion in which they attach a proposed SAC that would dismiss several claims against defendants and add new factual allegations that would tend to establish defendants' direct (rather than vicarious) liability. Dkts. 110, 110-1. As relevant to the court's prior order on the Rule 19 motion, plaintiffs also seek to clarify whether the court's prior order applies only to the FAC or to the proposed SAC. Mtn. at 17.

**DISCUSSION**

**A.    Legal Standard**

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see, e.g., Chodos v. W. Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pac. Props. & Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). While the court should consider all those factors, "the crucial factor is the resulting prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

**B.    Analysis**

　　**1.    Summary of Plaintiffs' Proposed Second Amended Complaint**

Plaintiffs attach a proposed SAC to their motion in which they propose two broad categories of changes from their FAC. First, they would voluntarily dismiss five causes of

3

1  action: the third cause of action for failure to pay for all hours worked, Cal. Labor Code
2  §§ 201, 202, 204, 221–23, and 226.2; the sixth cause of action for failure to pay minimum
3  wages, Cal. Labor Code §§ 1182.11–82.12, 1194, and 1197–97.1; the seventh cause of
4  action for failure to pay overtime compensation, Cal. Labor Code §§ 510, 515.5, 1194,
5  and 1198 et seq.; the eighth cause of action for failure to keep accurate payroll records,
6  Cal. Labor Code §§ 1174–74.5; and the tenth cause of action for waiting time penalties,
7  Cal. Labor Code §§ 201–03. Mtn. at 3.

8  Second, plaintiffs propose to add factual allegations and refine existing allegations
9  to clarify that FedEx[1] is directly responsible (rather than vicariously liable or liable through
10 an agency theory) for the injuries for which plaintiffs seek relief. Id. at 3–4. Plaintiffs
11 assert that they are not alleging that the CSPs have caused the violations of California
12 law; rather, plaintiffs analogize the CSPs to hiring recruiters and middle managers of
13 FedEx. Id. at 5. According to plaintiffs, it is FedEx's policies and edicts that control the
14 hours and working conditions of plaintiffs and the proposed class members. Id. Further,
15 FedEx decided to exclude plaintiffs and class members from the FedEx employer-
16 sponsored benefit plans. Id. at 7–8. As a result of these proposed new allegations,
17 plaintiffs' proposed SAC would not name the CSPs as defendants.

### 2. Whether Rule 16 Applies to Plaintiffs' Motion

19 Briefly, the court discusses the applicable legal standard. Defendants submit that
20 the applicable standard to grant plaintiffs' motion is Rule 16(b)'s "good cause" standard.
21 Dkt. 113 at 8–9; Dkt. 114 at 5–6. Yet, as plaintiffs point out in their reply brief, no
22 deadline for amending the pleadings was ever set in a case management or pretrial
23 scheduling order. See Dkts. 37, 38, 73, 80. Accordingly, Rule 16(b)(4) does not apply to
24 the present motion and the applicable standard is provided by Rule 15(a). See Moeller v.

---

[1] The court notes that throughout their motion plaintiffs refer to defendants collectively as FedEx without differentiating between FedEx Corporation and FedEx Ground. While the court uses the term "FedEx" in this section to summarize plaintiffs' arguments, such reference should not be read to endorse a view on the employment relationship between FedEx Corporation and plaintiffs.

4

Taco Bell Corp., No. C 02-5849 PJH, 2013 WL 6140730, at *1 (N.D. Cal. Nov. 21, 2013) ("In this case, apart from a deadline to amend to add parties, no deadline for amending the pleadings was ever set in a case management or pretrial scheduling order. . . . [G]iven that no deadline for amending pleadings was ever set, the court finds that the applicable standard is provided by Rule 15(a).").

### 3.  Whether Plaintiffs Meet the Requirements of Rule 15

Under Rule 15, "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). The "party opposing amendment 'bears the burden of showing prejudice.'" Id. at 1052 (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).

Plaintiffs argue defendants will suffer no undue prejudice because they propose to reduce the causes of action asserted against defendants. Mtn. at 15. Plaintiffs further contend that the additional factual allegations clarify that they are only challenging acts directly attributable to defendants. Id. Finally, they argue that because the challenged conduct remains unchanged, the proposed amendments will not expand the scope of discovery. Id.

Defendant FedEx Ground responds that it will be unduly prejudiced by the proposed second amended complaint because the parties have expended significant effort in discovery and litigation on the merits of plaintiffs' claims. Dkt. 113 at 10. FedEx Ground characterizes the proposed amendments to be a fundamental change in plaintiffs' legal theories and changing legal theories at this stage in the litigation would constitute prejudice. Id.

Both FedEx Ground and FedEx also argue that the proposed amendments are futile. Id. at 11; Dkt. 114 at 7. Defendants contend that plaintiffs' fraud and conversion claims are not alleged with any particularity as required by Federal Rule of Civil Procedure 9(b). Defendants further argue that the California Labor Code provides the exclusive remedy for plaintiffs' employment related grievances and thus precludes

plaintiffs' fraud and conversion claims. Dkt. 113 at 15–17; Dkt. 114 at 8–9. Next, both defendants contend that plaintiffs' claims related to FedEx's benefit plans are only asserted under the fraud, conversion, and derivative UCL causes of action and because the fraud and conversion claims are futile, the claim for benefits is futile. Dkt. 113 at 17–18; Dkt. 114 at 9. Finally, they contend that the proposed amendments are futile because they exclude the CSPs and plaintiffs' UCL and PAGA claims are derivative of the other claims. Dkt. 113 at 18–23; Dkt. 114 at 9–11.

   The court begins with an observation that, to some extent, plaintiffs' request to amend its complaint was already encompassed by the court's prior order, which directed plaintiffs to amend their complaint and serve the CSPs. See Dkt. 105 at 12–13. With that broad observation in mind, defendants' arguments as to undue prejudice are unconvincing. Plaintiffs' theory of the case has been consistent since their initial complaint: they are seeking to hold FedEx Ground and FedEx liable as joint employers and allege that defendants (rather than the CSPs) are ultimately responsible for the Labor Code violations they allege. See, e.g., Dkt. 1, ¶¶ 6–8. Fed Ex Ground contends that the parties have expended significant effort in discovery and litigation of plaintiffs' claims. Dkt. 113. at 10. Accepting this premise as true, defendants have not demonstrated how the previously conducted discovery and litigation is now inapplicable to the proposed SAC. Plaintiffs propose to eliminate several causes of action but have not added any new causes of action. For that reason, this case is unlike McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 687 (7th Cir. 2014), where the Seventh Circuit affirmed a denial of leave to amend where a party proposed to add seven new counterclaims that advanced three new theories. See id. ("Undue delay is unusual at the pleading stage . . . ." (citing Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 793 (7th Cir. 2004))).

   Additionally, defendants have not established that plaintiffs' proposed amendments are clearly futile. "This court normally will not rule on the futility of an amendment at the motion to amend stage of the litigation unless the proposed

6

1  amendment is clearly and unambiguously futile.  In general, the futility of an amendment

2  is better tested in a motion to dismiss for failure to state a claim or a summary judgment

3  motion." Bd. of Trustees of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet,

4  Inc., No. C 09-0465 PJH, 2010 WL 760452, at *3 (N.D. Cal. Mar. 4, 2010).

5  Defendants have not argued bad faith or dilatory motive on the part of plaintiffs.

6       In sum, "[t]he standard for granting leave to amend is generous." United States v.

7  Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police

8  Dep't, 901 F.2d 696, 701 (9th Cir. 1990)).  Defendants have not met their burden to deny

9  leave to amend.  To the extent that plaintiffs seek to sidestep the court's prior order on

10  FedEx Ground's Rule 19 motion, those issues are addressed below.

11       For the forgoing reasons, plaintiffs meet the Rule 15 standard for amending their

12  complaint.

13       **4.**     **Whether Plaintiffs Must Serve Necessary Parties**

14       The final issue is the status of the CSPs as necessary parties to this action.  As

15  part of their motion, plaintiffs request that the court clarify whether its order on defendant

16  FedEx Ground's Rule 19 motion applies only to the FAC or to the proposed SAC.  Mtn. at

17  1.  For their part, defendants contend that any amendment without the CSPs would be

18  futile.  Dkt. 113 at 18–20.

19       In its prior order, the court determined that the CSPs were necessary parties using

20  the three-step Rule 19 analysis.  At the first step, the court found that complete relief

21  could not be afforded between the current parties.  As the FAC demonstrated, the CSPs

22  purportedly employed plaintiffs and the putative class members and the Labor Code

23  sections under which plaintiffs brought their claims imposes liability on employers.  Dkt.

24  105 at 7–8.  The court cited the rule that unless the language of the particular statutory

25  section of the Labor Code so provides, employers are not joint and severally liable for

26  violations of other joint employers.  Id. at 8 (citing Noe v. Superior Court, 237 Cal. App.

27  4th 316, 333–34 (Ct. App. 2015)).  The court determined that if plaintiffs succeeded in

28  demonstrating violations of the Labor Code, but FedEx Ground and FedEx fulfilled their

7

respective obligations under the Labor Code (while the CSPs did not fulfill their obligations), then plaintiffs would not be accorded complete relief. Id. at 11.  At the second step, the court then found that it would be feasible to order that the absentee parties be joined and, therefore, it was not necessary, at the third step, to determine whether the absentee parties were indispensable under Rule 19(b).  Id. at 11–12.

By proposing to remove five causes of action and alleging additional factual allegations concerning the purported direct liability of FedEx Ground and FedEx, plaintiffs seek to avoid the conclusions of this court's prior order and hope to "alleviate the need to join the CSPs as defendants."  Mtn. at 17.  Despite the proposed changes, both the remaining factual matter and causes of action under the Labor Code do not alter the court's prior order.

As both the FAC and the proposed SAC demonstrate, the CSPs are alleged to employ plaintiffs and the proposed class members and FedEx Ground and/or FedEx are alleged to be joint employers.  See, e.g., Dkt. 110-1, ¶¶ 8–9 ("Despite labeling the Drivers as just the 'employee' of its so-called 'CSPs' FedEx treats the Drivers as its own employees under the applicable legal standard.").  FedEx Ground submitted evidence in support of its prior motion that demonstrated that the CSPs were distinct legal entities from defendants and, further, that FedEx Ground and the CSPs entered into agreements that governed the terms by which the CSPs would provide drivers to FedEx Ground.  See Dkts. 86, 87-3.  Plaintiffs' proposed SAC does not fundamentally alter the nature of the arrangement between plaintiffs, defendants, and the CSPs.  Defendants and the CSPs enter into contractual arrangements to which plaintiffs and putative class members are not a party; the CSPs and the drivers have some sort of employment relationship; and plaintiffs allege that defendants are also employing the drivers.  Plaintiffs' additional factual allegations speak to the magnitude and degree of defendants' relationship with plaintiffs but do not alter the separate corporate existence of the CSPs, their contractual arrangements with defendants, or their relationship with plaintiffs.

Also relevant, plaintiffs still seek to bring causes of action under the Labor Code

for the failure to provide meal periods pursuant to sections 226.7 and 512; failure to provide rest periods under section 226.7; and failure to furnish accurate wage statements under section 226. In its prior order, the court examined the California Court of Appeal's decision in Serrano v. Aerotek, Inc., 21 Cal. App. 5th 773, 775–76 (Ct. App. 2018), which dealt with vicarious liability between a temporary staffing agency and a food production company to which the staffing agency provided the plaintiff's services. The plaintiff in Serrano brought claims under Labor Code § 226.7 against both the temporary staffing agency and the food production company and the trial court determined that the food production company satisfied its duty to provide meal periods to the plaintiff. Id. at 780. The Court of Appeal rejected the plaintiff's contention that, under section 226.7, the food production company was vicariously liable for the staffing agency's alleged violations because the two entities were joint employers. The court held there was no vicarious liability based on joint and several liability because the plaintiff "point[ed] to nothing in the language of the applicable wage order or statutes to support the conclusion that an employer is liable not only for a breach of its own duty but also for a coemployer's breach of the coemployer's own duty." Id. at 784; see also Noe, 237 Cal. App. 4th at 334 ("[W]hether an employer is liable under the Labor Code depends on the duties imposed under the particular statute at issue.").

      The holding in Serrano informs the analysis here. As the Serrano court observed, a joint employer who satisfies its duty under Labor Code § 226.7 is not vicariously liable for the breaches of a joint employer. As this court reasoned in its previous order, if FedEx Ground (and FedEx) were to demonstrate either at a dispositive motion or at trial that it fulfilled its obligations under the Labor Code but the CSPs did not, then the court would not be able to accord complete relief between the parties. Dkt. 105 at 11. The additional allegations in the SAC do not change the court's analysis in its prior order. Because plaintiffs continue to bring a cause of action under section 226.7, the CSPs

remain necessary parties.[2]

In sum, plaintiffs' proposed SAC does not alter this court's analysis in its prior order. The CSPs were and remain necessary parties to this litigation.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion is GRANTED IN PART AND DENIED IN PART. Plaintiffs' motion is granted to the extent they seek to amend their complaint but denied to the extent it seeks relief from the court's prior order. Accordingly, plaintiffs shall avail themselves of one of the following three options: (1) they may file the proposed second amended complaint (Dkt. 110-1) and name and serve the CSPs as defendants; (2) they may amend the current First Amended Complaint and name and serve the CSPs as defendants; or (3) to the extent they wish to amend the First Amended Complaint in some other way, plaintiffs must file another motion to amend; however, such amended complaint attached to any further motion to amend shall name the CSPs as defendants. In any case, plaintiffs shall file and serve their amended complaint (or motion to amend) within <u>7 days</u> of the filing of this Order and summons shall be issued by the Clerk of Court ordering Bondz, Inc.; G2 Logistics Inc; Dourado Transport Inc.; Dane Logistics, Inc.; Smart Choice Enterprise; Soumir Inc.; and Turner Holdings to appear in this action, and that the summons and a copy of the amended complaint, together with a copy of this Order and the court's April 1, 2020 Order, be served on those entities within 21 days from the date of the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: May 19, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[2] Because the court's prior reasoning and conclusion remains unchanged with respect to section 226.7, the court does not reach the parties' arguments concerning the remaining causes of action under the Labor Code.

10