UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN OVERPECK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX CORPORATION, et al.,<br><br>Defendants. | Case No. 18-cv-07553-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 198 |

Before the court is defendant FedEx Ground Package System, Inc.'s ("FedEx Ground") motion to file under seal.  The documents FedEx Ground seeks to file under seal are a sample base contract for linehaul services, a provider agreement between FedEx Ground and G2 Logistics, Inc. ("G2"), a schedule for that provider agreement, and settlement statements issued by FedEx Ground to G2 recording payments based on plaintiff Overpeck's driving. Id. at 3.  The other parties do not oppose this request.

There is a general presumption in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  "[T]he proponent of sealing bears the burden with respect to sealing.  A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).  When a request to seal documents is made in connection with a motion, the court must determine whether the parties are required to overcome that presumption with "compelling reasons" or with "good cause."  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case"—regardless whether that motion is "technically dispositive"—must demonstrate

1  that there are compelling reasons to keep the documents under seal. <u>Ctr. for Auto Safety</u>
2  <u>v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Conversely, if the motion
3  is only tangentially related to the merits, "a 'particularized showing,'" under the 'good
4  cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed
5  discovery material attached to non-dispositive motions." <u>Kamakana</u>, 447 F.3d at 1180
6  (alteration in original) (quoting <u>Foltz v. State Farm. Mut. Auto. Ins. Co.</u>, 331 F.3d 1122,
7  1135, 1138 (9th Cir. 2003)).

8        Here, defendant FedEx Ground argues that there is no compelling public interest
9  that would be hindered by sealing the documents filed under seal with the motion.  Dkt.
10 198 at 3–4.  FedEx Ground contends the compelling interest standard is met because the
11 documents to be sealed contain FedEx Ground's confidential, proprietary, and trade
12 secret information.  <u>Id.</u> at 4.

13       Defendant G2's motion to dismiss, Dkt. 195, is more than tangentially related to
14 the merits of the case and therefore the court applies the compelling reasons standard to
15 the motion to file under seal.  FedEx Ground seeks to file two contracts and a schedule to
16 one of the contracts entirely under seal.  <u>See</u> Dkts. 198-3, 198-5, 198-7.  For the reasons
17 discussed in this court's order denying without prejudice FedEx Ground's prior motion to
18 file under seal, <u>see</u> Dkt. 180 at 12–15, FedEx Ground's proposed material to be sealed is
19 not narrowly tailored, <u>see</u> Civ. L.R. 79-5(b).  If FedEx Ground were to demonstrate
20 compelling reasons to file under seal **and** the request is narrowly tailored, then it may file
21 those portions of its contract which are proprietary, confidential, or a trade secret under
22 seal.  For that reason, the court will deny without prejudice the motion as to those
23 documents and permit FedEx Ground to refile its motion.

24       The fourth document FedEx Ground seeks to file under seal is of a different kind
25 than the contracts and schedule.  Dkt. 198-9.  This document includes settlement
26 statements that list information regarding financial transactions between FedEx Ground
27 and G2.  Defendant argues that the settlement statements are confidential because they
28 list information regarding financial transactions between FedEx Ground and G2, including

1 information regarding negotiated rates for payment to G2 for its services.  Dkt. 198 at 4.

2 According to FedEx Ground, its competitors could obtain an unfair advantage if they

3 know the rates at which FedEx Ground pays its contracted service providers ("CSPs").

4     Unlike the contracts and schedule, the settlement statements show the rate at

5 which FedEx Ground pays its CSPs and a narrowly tailored redaction would encompass

6 the entire document.  This document meets the compelling interest standard and sealing

7 the entire document is warranted.

8     Accordingly, the court DENIES WITHOUT PREJUDICE FedEx Ground's motion

9 with respect to the first through third documents and GRANTS FedEx Ground's motion

10 with respect to the fourth document.  FedEx Ground may refile its motion to file under

11 seal within fourteen days of the date on which this order is filed.

12 **IT IS SO ORDERED.**

13 Dated: December 15, 2020

14     /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
15 United States District Judge