UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN OVERPECK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX CORPORATION, et al.,<br><br>Defendants. | Case No. 18-cv-07553-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS FOR MISJOINDER** |

    Before the court is defendant Bondz, Inc.'s ("Bondz") motion for judgment on the pleadings and dismissal for misjoinder. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

    This is a putative class action brought by current or former long-haul and local delivery drivers who provided transportation and delivery services in California for defendants FedEx Ground Package System, Inc. ("FedEx Ground") and FedEx Corporation ("FedEx Corp.") (collectively, "the FedEx defendants" or "FedEx"). Dkt. 119, ¶ 40. Plaintiffs allege that FedEx's labor force was previously made up of individual drivers that FedEx Ground hired directly and labeled as independent contractors. Id., ¶ 7. Following litigation challenging the "independent contractor" classification, plaintiffs allege that FedEx pivoted to an "independent service provider" ("ISP") model. Id. Plaintiffs allege that the ISPs are "little more than job placement outfits," and that the ISP model is "just a continuation of FedEx's continuing practice of misrepresenting and

obscuring the true relationship between FedEx and its drivers: that of employer-employee." Id.

Plaintiffs initially filed suit against only the FedEx defendants, asserting claims for failure to pay for all hours worked, failure to provide meal and rest periods, failure to pay overtime, and failure to provide accurate wage statements, among other claims. See Dkt. 85. On February 14, 2020, FedEx Ground filed a motion to join the ISPs as necessary parties under Federal Rule of Civil Procedure 19. See Dkt. 87. The motion was opposed by plaintiffs. See Dkt. 94. On April 1, 2020, having considered the arguments by FedEx and by plaintiffs, the court granted FedEx's motion and joined the ISPs as necessary parties under Rule 19(a)(1)(A). See Dkt. 105. On May 26, 2020, plaintiffs filed an amended complaint alleging the same causes of action and adding the ISPs as defendants. Dkt. 119.

The present motion was filed by Bondz, one of the ISPs added to the operative complaint. Bondz seeks dismissal on two independent grounds. First, Bondz argues that it is entitled to judgment on the pleadings under Rule 12(c). Second, Bondz argues that it was misjoined to this case, as it is not a necessary party.

Federal Rule of Civil Procedure 21 states that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 21 also permits the court to "sever any claim against a party."

At the time of FedEx's original motion for joinder, the ISPs were not yet in the case. As a result, during consideration of FedEx's Rule 19 motion, the court did not have the benefit of the ISPs' arguments for or against joinder. Bondz's present motion is the first time that the court has been presented with the ISPs' own arguments regarding joinder.

Having now considered the ISPs' arguments, the court finds that the ISPs were misjoined. Plaintiffs seek no relief from the ISPs in this action. Nor does FedEx seek any relief from the ISPs in this action. Accordingly, the court concludes that it can "accord complete relief among existing parties" even in the absence of the ISPs. See Fed. R.

Civ. P. 19(a)(1)(A).

In the court's previous order, it did not address the issue of joinder under Rule 19(a)(1)(B). For Rule 19(a)(1)(B) to apply, the joined party must "claim[] an interest relating to the subject matter of the action." See also United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999) ("Joinder is contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.") (internal citation omitted) (emphasis in original). Through its motion, Bondz has disclaimed any interest in this action. Thus, there being no basis for joinder of Bondz under either Rule 19(a)(1)(A) or Rule 19(a)(1)(B), Bondz's motion to dismiss for misjoinder is hereby GRANTED and Bondz is DISMISSED from this action. The court need not reach Bondz's alternate basis for relief under Rule 12(c).

As to the other ISPs named as defendants, the court gives them fourteen (14) days from the date of this order to file a declaration claiming or disclaiming an interest relating to the subject matter of this action, and advising whether dismissal would impede their ability to protect their interest.

The court also notes that another ISP, Dane Logistics ("Dane"), has filed a motion to dismiss for lack of jurisdiction. Dkt. 227. Dane's motion would be mooted if Dane is ultimately dismissed for misjoinder under Rule 21. Accordingly, the court will defer ruling on Dane's motion until after Dane has filed a declaration responsive to this order.

**IT IS SO ORDERED.**

Dated: February 5, 2021

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge