UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN OVERPECK, et al.,

    Plaintiffs,

    v.

FEDEX CORPORATION, et al.,

    Defendants.

Case No. 18-cv-7553-PJH

**ORDER RE SCHEDULING AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

In the above-captioned case, defendants FedEx Corp. and FedEx Ground (collectively, "FedEx") have filed an administrative motion for amendment of class certification briefing schedule. Dkt. 255. FedEx seeks an order vacating the current class certification briefing schedule and setting a further case management conference in approximately 60 days. In the alternative, FedEx seeks to continue all class certification-related deadlines by approximately six weeks.

FedEx argues that its requested relief would best serve the interests of justice. However, FedEx's arguments are not persuasive in showing that the court should hear FedEx's dispositive motions rather than proceeding with the current schedule on plaintiffs' class certification motion. Accordingly, FedEx's administrative motion for amendment of class certification briefing schedule is DENIED.

FedEx has also filed a motion for leave to file a motion for reconsideration of the court's February 5, 2021 order granting Bondz's motion to dismiss for misjoinder. See Dkt. 254-4, 256. FedEx's motion is based on Civil Local Rule 7-9(b)(2) and (b)(3).

Regarding the portion of FedEx's motion brought under Civil Local Rule 7-9(b)(3), FedEx simply repeats arguments made in its opposition to Bondz's motion. See Dkt. 254-4 at 17-18. Civil Local Rule 7-9(c) contains an express "prohibition against repetition

United States District Court
Northern District of California

1   of argument," and states that "no motion for leave to file a motion for reconsideration may

2   repeat any oral or written argument made by the applying party in support of or in

3   opposition to the interlocutory order which the party now seeks to have reconsidered."

4   Accordingly, FedEx's motion for leave to file a motion for reconsideration is DENIED to

5   the extent it is based on Civil Local Rule 7-9(b)(3).

6          The remainder of FedEx's motion seeks reconsideration under Civil Local Rule

7   7-9(b)(2) based on the "emergence of new material facts."  Specifically, FedEx points to

8   the deposition of the chief executive officer of Bondz and other testimony from

9   independent service providers ("ISPs").  See Dkt. 254-4 at 7.

10          As a whole, the testimony cited by FedEx does not appear to be "material" to the

11   court's joinder analysis.  For instance, FedEx argues that one category of the "new

12   material facts" emerging from the Bondz's CEO's testimony is that "Bondz and related

13   companies are sophisticated business entities."  Dkt. 254-4 at 13.  These facts are not

14   material to the court's analysis of Bondz's misjoinder motion.

15          However, to allow all parties to be heard, the court will allow plaintiffs and any

16   ISPs remaining in the case to file a response to FedEx's motion for leave to file a motion

17   for reconsideration under Civil Local Rule 7-9(b)(2).  Plaintiffs and the ISPs may file a

18   response to FedEx's motion for leave to file a motion for reconsideration by **Wednesday,**

19   **March 3, 2021**.  The responses may not exceed ten (10) pages.  No further briefs may

20   be filed.

21          FedEx has also filed a motion to seal portions of its motion for leave to file a

22   motion for reconsideration.  Dkt. 254.  FedEx seeks to seal portions of its motion that cite

23   the Bondz CEO's deposition testimony, which has been designated confidential under the

24   protective order in this case.

25          Plaintiffs have also filed a motion to seal, regarding its opposition to FedEx's

26   administrative motion for amendment of class certification briefing schedule.  Dkt. 260.

27   Like FedEx, plaintiffs also seek to seal portions of its brief that cite the Bondz CEO's

28   deposition testimony, designated confidential.

1    However, neither FedEx nor plaintiffs have complied within this court's local rule

2 regarding sealing.  As an initial matter, L.R. 79-5(d)(1)(D) requires the submitting party to

3 file an unredacted version of the document sought to be filed under seal, and to "indicate,

4 by highlighting or other clear method, the portions of the document that have been

5 omitted from the redacted version."  Neither FedEx nor plaintiffs have complied with this

6 section of the rule.  Accordingly, they are directed to re-file unredacted versions of their

7 briefs, with such indications of the portions to be sealed, no later than **Friday, February**

8 **26, 2021**.

9    FedEx and plaintiffs also appear not to have complied with Civil Local Rule

10 79-5(e).  Under that rule, when a party is "seeking to file under seal a document

11 designated as confidential by . . . a non-party pursuant to a protective order," the

12 submitting party must serve a sealing declaration "on the designating party on the same

13 day it is filed and proof of such service must also be filed."

14    The purpose of L.R. 79-5(e) is to give proper notice to non-parties, so that they

15 may comply with L.R. 79-5(e)(1), which requires the designating party to file a

16 declaration, within four days of the sealing motion, establishing that the designated

17 material is sealable.  Bondz did not file a declaration in response to FedEx's motion to

18 seal, but because FedEx did not file a proof of service re: Bondz, the court cannot

19 determine whether Bondz has had sufficient notice of FedEx's sealing motion.  Similarly,

20 when plaintiffs filed their motion to seal portions of its opposition brief, it did not file a

21 proof of service re: Bondz.  Accordingly, FedEx and plaintiffs are directed to serve Bondz

22 with copies of their sealing declarations and to file proofs of service with the court, no

23 later than **Friday, February 26, 2021**.

24    **IT IS SO ORDERED.**

25 Dated:  February 24, 2021

26                                     /s/ *Phyllis J. Hamilton*
                                         PHYLLIS J. HAMILTON
27                                       United States District Judge

28

*United States District Court*
*Northern District of California*

3