UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN OVERPECK, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FEDEX CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-07553-PJH<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DISMISSING ISPs; TERMINATING MOTION TO DISMISS; AND DENYING MOTIONS TO SEAL** |

　　　　In the above-captioned case, defendants FedEx Corp. and FedEx Ground (collectively, "FedEx") have filed a motion for leave to file a motion for reconsideration of the court's February 5, 2021 order dismissing Bondz, Inc.

　　　　In the February 5 order, the court concluded that the ISPs[1] were not properly joined to the case under Federal Rule of Civil Procedure 19. First, the court concluded that it could accord complete relief between plaintiffs and FedEx even in the absence of the ISPs, thus making joinder improper under Rule 19(a)(1)(A). Second, the court considered joinder under Rule 19(a)(1)(B), which applies to parties who "claim[] an interest relating to the subject matter of the action." Because Bondz, as the moving party, had disclaimed any such interest, the court concluded that Bondz could not be joined under either Rule 19(a)(1)(A) or 19(a)(1)(B), and dismissed Bondz from the case.

　　　　FedEx initially sought leave to file a motion for reconsideration under both Civil Local Rule 7-9(b)(2) and 7-9(b)(3). See Dkt. 268-5. The court denied FedEx's motion to

---

[1] "Independent service providers," as defined in the complaint.

the extent it was based on L.R. 7-9(b)(3), as it violated L.R. 7-9(c)'s prohibition against repetition of argument.  See Dkt. 262 at 1-2.  The court then gave plaintiffs and the ISPs an opportunity to file a response to FedEx's motion.  Plaintiffs and one ISP (MRD Transports, Inc.) have filed such responses.

Civil Local Rule 7-9(b)(2) requires the party seeking reconsideration of a court order to show "reasonable diligence" in bringing its motion, and "the emergence of new material facts or a change of law occurring after the time of such order."

FedEx argues that "after briefing was completed on Bondz's motion, new material facts emerged that were unavailable to the court when it entered the order."  Dkt. 268-5 at 7.  Specifically, FedEx points to "deposition testimony of the chief executive officer of Bondz and the corporate representatives" of other ISPs.  Id.

FedEx argues that the testimony "demonstrates that Bondz and other [ISPs] are necessary parties because this litigation threatens their ability to operate as independent businesses."  Dkt. 268-5 at 7.

Specifically, FedEx identifies the following categories of testimony as new material facts warranting reconsideration: (1) "Bondz and related companies are sophisticated independent business entities," (2) "Bondz – not FedEx Ground – exercises control over its drivers and is fully responsible for its own pay practices," (3) "Bondz takes affirmative steps to maintain independence from FedEx Ground," (4) Bondz's CEO "stands to lose significant financial investments if his service provider agreements with FedEx Ground are terminated," and (5) "other [ISPs] have given similar testimony and provided similar evidence" that they are independent businesses, whose owners have made substantial investments, and who do not perceive themselves to be FedEx employees.  Dkt. 268-5 at 13-15.

Again, to establish that the ISPs should be joined to the suit under Rule 19(a)(1)(A), the facts must show that, "in [the ISPs'] absence, the court cannot accord complete relief among existing parties."

As to category (1) of FedEx's cited evidence, the ISPs' status as "sophisticated

independent business entities" is not relevant to the Rule 19 analysis.  Nor does it appear to be a "new" fact that "emerged" after the court's February 5 order.  Category (1) does not provide a basis for relief under Civil Local Rule 7-9(b)(2).

As to category (2), while the level of control exercised by the ISPs is certainly relevant to this litigation, it is not material to this court's joinder analysis under Rule 19.  As stated in the court's prior order, plaintiffs seek no relief from the ISPs.  Thus, the court can "accord complete relief among existing parties" without the presence of the ISPs.  FedEx is entitled to use this category of evidence in defending itself against plaintiffs' claims, but it does not follow that Bondz and the other ISPs must necessarily be joined to this suit.  Accordingly, category (2) does not provide a basis for relief under Civil Local Rule 7-9(b)(2).

The court's analysis of category (3) is similar to its analysis of category (2).  To the extent that Bondz and the other ISPs take steps to "maintain independence" from FedEx – i.e., to regulate FedEx's level of control – such evidence may be relevant to FedEx's defense, but it does not change the fact that plaintiffs seek no relief from the ISPs.  As a result, the court can "accord complete relief among existing parties" without the presence of the ISPs.  Category (3) does not provide a basis for relief under Civil Local Rule 7-9(b)(2).

As to category (4), FedEx argues that the Bondz CEO "stands to lose significant financial investments if his service provider agreements with FedEx Ground are terminated."  In making this argument, FedEx appears to imply some connection between the court's joinder ruling and FedEx's own decision whether or not to terminate its service agreements with the ISPs.  The court fails to see any connection between the two.  Additionally, this does not appear to be "new" evidence that emerged after the court's ruling.  Accordingly, category (4) does not provide a basis for relief under Civil Local Rule 7-9(b)(2).

Finally, as to category (5), FedEx argues that the testimony shows that the ISPs are independent businesses, whose owners have made substantial investments, and

who do not perceive themselves to be FedEx employees.  The court has already addressed the issue of the ISPs' status as independent business entities in the context of category (1).  And the court has already addressed the issue of substantial investments in the context of category (4).

As to the testimony that the ISPs "do not perceive themselves" to be FedEx employees, this testimony is not material to the court's joinder analysis under Rule 19(a)(1)(A).  Plaintiffs seek relief only from FedEx, and in doing so, they will be presenting evidence that FedEx is their employer.  And as stated before, FedEx is entitled to present evidence that they are not plaintiffs' employer.  None of this requires the ISPs to be parties to the litigation.  And as plaintiffs argue in their response, multiple entities can be joint employers.  Dkt. 274-5 at 8-9 (citing Martinez v. Combs, 49 Cal.4th 35, 59 (2010)).

Under Rule 19, complete relief can be accorded among existing parties even in the absence of the ISPs, and the evidence cited by FedEx is not relevant to that conclusion.  Accordingly, category (5) does not provide a basis for relief under Civil Local Rule 7-9(b)(2).

Because FedEx has not demonstrated "the emergence of new material facts or a change of law occurring after the time" of the court's order dismissing Bondz, FedEx's motion for leave to file a motion for reconsideration is DENIED.

Having determined that the court's February 5, 2021 order will not be reconsidered, the court will now address the ISP declarations filed in response to that order.  Specifically, three ISPs have filed declarations stating that they do not claim any interest in this litigation, and that dismissal would not impair or impede their ability to protect their interests.  See Dkt. 251 (declaration from Dane Logistics), Dkt. 252 (declaration from Turner Holdings), Dkt. 253 (declaration from MRD Transports).

The court has previously concluded that joinder of these parties would not be proper under Rule 19(a)(1)(A).  See Dkt. 250 at 2-3.  Having considered their declarations, the court now also finds that joinder of these parties would not be proper

under Rule 19(a)(1)(B), as they do not "claim[] an interest relating to the subject matter of the action" as required by the rule. See id. at 3 (citing United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999)). Accordingly, Dane Logistics, Turner Holdings, and MRD Transports are DISMISSED from the action under Rule 21.[2]

Finally, three motions to seal are pending before the court: (1) FedEx's motion to seal portions of its motion for leave to file a motion for reconsideration and related exhibits, (2) plaintiffs' motion to seal portions of its opposition to FedEx's motion for leave to file a motion for reconsideration and related exhibits, and (3) plaintiffs' motion to seal portions of its opposition to FedEx's administrative motion to amend the class certification briefing schedule and related exhibits.[3] All three motions seek to seal deposition testimony from the CEO of Bondz, Michael Grodi.

"There is a general principle in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & City of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).

The Ninth Circuit has recognized that two different standards may apply when a request to seal a document is made in connection with a motion – namely the "compelling reasons" standard or the "good cause" standard. Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." Id. at 1101.

Bondz's supporting declarations do not address whether the "good cause" or "compelling reasons" standard applies. In this case, the court will apply the "good cause"

---

[2] Because Dane Logistics is no longer a party to the case as a result of this dismissal, its motion to dismiss for lack of jurisdiction is terminated as moot. See Dkt. 227.
[3] FedEx and plaintiffs originally filed motions to seal that did not comply with the local rules, and have since filed corrected motions. Accordingly, the incorrectly-filed motions are terminated. See Dkt. 254 (corrected version at Dkt. 268), Dkt. 260 (corrected version at Dkt. 263).

standard.

In its declarations, Bondz argues that the deposition excerpts have been designated "highly confidential – attorneys' eyes only" under the protective order in this case. Dkt. 271, 272, 277. Bondz further argues that the excerpts are "highly confidential" because they "contain commercially sensitive information" and "include proprietary business information." Id. Bondz further argues:

> Such information includes: (a) the contract negotiation process between FedEx Ground and Bondz, (b) Bondz corporate structure and confidential aspects of business transactions with non-party affiliates, (c) the hiring process at Bondz, including the candidate selection and interview process, (d) communications with Bondz drivers relating to route assignments, and (e) Bondz's policies and practices regarding the discipline and termination of Bondz drivers.

Dkt. 271, ¶ 2; see also Dkt. 272, ¶ 2; Dkt. 277, ¶ 2.

As an initial matter, the court notes that simply being designated "highly confidential" under a protective order does not automatically justify the sealing of evidence.

The court further notes that many of the descriptions in the Bondz declaration are boilerplate, conclusory phrases regarding the "confidential" and "proprietary" and "sensitive" nature of the testimony. A sealing proponent must do more than offer bare assertions that evidence is sensitive – it must provide a concrete reason for overcoming the presumption in favor of public access.

To the extent that Bondz provides specific categories of information to be sealed, the identification of those categories still does not provide support for sealing the cited testimony. Many of these categories relate to the level of control exerted by Bondz in relation to FedEx, which, as mentioned before, is one of the central issues in this case. Evidence relating to that issue cannot be sealed. Moreover, the need to seal that information is undermined by the fact that other ISPs – Bondz's own competitors – have already allowed similar information regarding their companies to be filed on the public docket. See Dkt. 274-5 at 6-7.

Accordingly, all three motions to seal are DENIED.  The parties must file unredacted copies of their papers within seven (7) days of the date of this order.

**IT IS SO ORDERED.**

Dated:  March 9, 2021

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge