UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN OVERPECK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX CORPORATION, et al.,<br><br>Defendants. | Case No. 18-cv-07553-PJH<br><br>**ORDER RE SUPPLEMENTAL BRIEFING FOR CLASS CERTIFICATION MOTION**<br><br>Re: Dkt. No. 330 |

Defendants in the above-captioned case have filed an administrative motion for leave to file a sur-reply to plaintiffs' motion for class certification. See Dkt. 330. Defendants' administrative motion sets forth three arguments in favor of their request to file a sur-reply: (1) "plaintiffs made new legal arguments not made in their class certification motion," (2) "FedEx Ground should have the opportunity to substantively address Hinds v. FedEx Ground," and (3) "plaintiffs submitted hundreds of pages of new deposition excerpts with their reply." See id.

As to argument (1), the court disagrees that plaintiffs' reply presented new legal arguments. Plaintiffs' opening class certification brief argued that "it is standard practice for both [package and delivery] and linehaul drivers to stay 'on duty' for more than 5 consecutive hours," and their reply similarly argues that "the drivers are continuously on duty throughout their shifts and therefore whatever 'breaks' they manage to take are in violation of the 'off duty' requirement for meal and rest periods." See Dkt. 287 at 11; Dkt. 326 at 12. This is not a new argument presented for the first time in reply.

Defendants further point to plaintiffs' argument in reply that "any risk of preclusion

1   can be mitigated through opt-out provisions under Rule 23(b)(3)."  Dkt. 326 at 5.  As
2   plaintiffs point out in their opposition to defendants' administrative motion, plaintiffs' reply
3   argument was responsive to defendants' opposition argument that plaintiffs and their
4   counsel do not meet the adequacy requirement of class certification.  Dkt. 332 at 3.
5   While defendants seek to bolster their argument by asserting that plaintiffs "failed to
6   disclose to the court binding Ninth Circuit authority" contradicting their argument, that
7   assertion is separate from whether plaintiffs' reply argument was indeed new.  Moreover,
8   the court notes that defendants did not actually provide a case citation to the "binding
9   Ninth Circuit authority" it references, which leaves the court unable to determine whether
10  plaintiffs' cited case is indeed effectively overruled.
11          For those reasons, the court finds that plaintiffs' reply does not present new
12  arguments, and thus, defendants' administrative motion is DENIED as to argument (1).
13  The court further notes that, to the extent defendants believe that plaintiffs have cited a
14  case that is no longer good law, they are free to make that argument at the motion
15  hearing.
16          Moving to argument (3), defendants argue that "plaintiffs submitted hundreds of
17  pages of new deposition excerpts with their reply."  Defendants argue that plaintiffs have
18  "taken testimony out of important context, leaving misleading impressions about the
19  actual substance of the testimony," and ask that they be "permitted to supplement the
20  record with responsive evidence from the same depositions plaintiffs used."  Dkt. 330 at
21  4.
22          Defendants' argument (3) is essentially an objection to the reply evidence
23  submitted by plaintiffs.  The court notes that the local rules already provide for a party to
24  file objections to reply evidence, and the court further notes that defendants have already
25  filed such objections, along with over 900 pages of exhibits.  See Civil L.R. 7-3(d)(1); see
26  also Dkt. 333.  Defendants have already had ample opportunity to supplement the record
27  with additional evidence, and thus, their present administrative motion is DENIED as to
28  argument (3).

As to argument (2), however, the court does find there to be sufficient basis for supplemental briefing. Another court in this district issued a class certification order in a case involving similar facts on August 18, 2021, after both the opening motion and opposition brief were due in this case. See Hinds v. FedEx Ground, 04-cv-1431, Dkt. 171 (N.D. Cal.) (Aug. 18, 2021). Because it would be useful for the parties to present their arguments as to the persuasiveness of the Hinds decision, the court GRANTS defendants' administrative motion as to argument (2) and sets the following supplemental briefing schedule: defendants shall have until **September 22, 2021** to file a supplemental brief addressing Hinds, and plaintiffs shall have until **September 29, 2021** to file a supplemental response. The briefs are not to exceed five (5) pages.

**IT IS SO ORDERED.**

Dated: September 14, 2021

                                 /s/ *Phyllis J. Hamilton*
                                 PHYLLIS J. HAMILTON
                                 United States District Judge