Brandy Thompson Cody SBN 196923
Email: bcody@fisherphillips.com
Amberly A. Morgan (SBN 273891)
Email: amorgan@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Dr., Suite 1000
San Diego, CA 92121-3113
Telephone: (858) 597-9600
Fax Number: (858) 597-9601

Jessica G. Scott, *appearing pro hac vice*
Email: scott@wtotrial.com
David J. Schaller, *appearing pro hac vice*
Email: schaller@wtotrial.com
Juan S. Ramirez, *appearing pro hac vice*
Email:ramirez@wtotrial.com
Andrew H. Myers, admitted Pro Hac Vice
Email: myers@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

[ADDITIONAL COUNSEL LISTED
ON NEXT PAGE]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SOBASZKIEWICZ and KEVIN STERLING, individually and on behalf of all other similarly situated, and as a proxy of the State of California on behalf of aggrieved employees, and HERMAN OVERPECK, individually only,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX CORPORATION; FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendants. | Case No. 4:18-cv-07553-PJH (DMR)<br><br>**FEDEX GROUND PACKAGE SYSTEM, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>*[Declaration of Christine Silletto Ramirez, Declaration of Timmy Dean Means, and Request for Judicial Notice]*<br><br>*[Additional pages granted by ECF No. 381, ¶ 3]*<br><br>Date:     July 28, 2022<br>Time:     1:30 p.m.<br>Dept:     Courtroom 3 – 3rd Floor |

Albert C. Lin (SBN 304808)
Email: alin@fisherphillips.com
Myngoc T. Nguyen
Email: mnguyen@fisherphillips.com
Kristina N. Buan
Email: kbuan@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152


Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

FEDEX GROUND PACKAGE SYSTEM, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... ii

ARGUMENT ............................................................................................................... 1

I.      PLAINTIFFS ARE NOT ENTITLED TO MORE DISCOVERY ................................. 1

II.     PLAINTIFFS' COMMON-LAW CLAIMS FOR WAGES AND BENEFITS
        FAIL ............................................................................................................... 2

        A.      Plaintiffs Cannot Prove They Suffered a <u>Compensable</u> Loss as a Result
                of the Alleged Fraudulent Misrepresentation ....................................... 2

        B.      Plaintiffs Cannot Prove an Actionable Misrepresentation ................... 4

        C.      Plaintiffs Fail to Point to Any Disputed Facts Over Whether They Relied
                to Their Detriment on Any Representation from FedEx Ground ....... 5

        D.      Plaintiffs Do Not Point to Any Evidence Showing They Have a Property
                Right in FedEx Ground's Benefits, As Necessary to Prove Conversion .......... 6

        E.      The Labor Code Preempts Plaintiffs' Common-Law Claims for <u>Wages</u> ......... 7

III.    CALIFORNIA'S MOTOR CARRIER EXEMPTION BARS OVERTIME ................. 7

        A.      Sterling's Occasional Use of Lighter, Non-Commercial Vehicles Does
                Not Make Him Eligible for Overtime Pay Under California law ....... 7

                1.      California's exemption does not contain a small vehicle
                        exception ..................................................................... 7

                2.      Sterling is not entitled to overtime on days he drove a light
                        vehicle .......................................................................... 9

        B.      Sterling Is Exempt Even If He Qualifies As a "Short Haul" Driver ................. 10

        C.      The Undisputed Evidence Shows Sterling Engaged in Interstate
                Commerce ......................................................................................... 10

        D.      Sterling Has Not Shown a Genuine Fact Dispute Concerning His Use of
                Commercial Motor Vehicles .............................................................. 12

IV.     FEDERAL LAW PREEMPTS THE MEAL AND REST BREAK CLAIMS ............ 14

        A.      The FMCSA Order Applies to Short-Haul Drivers ........................... 14

        B.      The FMCSA Order Precludes Enforcement of California's Meal and
                Rest Break Rules Even on Days When Sterling Drove a Light Vehicle .......... 15

V.      PLAINTIFFS' WAGE STATEMENT CLAIM FAILS AS A MATTER OF
        LAW ............................................................................................................ 16

        A.      Plaintiffs Fail to Identify Disputed Issues of Fact on Injury ........... 16

        B.      FedEx Ground's Good Faith Belief Is Relevant to and Defeats Plaintiffs'
                Wage Statement Claim (and Payroll Records and Waiting Time
                Penalties) ........................................................................................ 17

VI.     PLAINTIFFS FAIL TO SUPPORT THEIR PAYROLL RECORDS CLAIM ............ 18

CONCLUSION .......................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Andre v. Bank of Am., NA*,
No. 14-CV-02888, 2016 WL 69914
(N.D. Cal. Jan. 6, 2016) ........................................................................................ 2

*Antemate v. Estenson Logistics, LLC*,
No. 14-cv-5255, 2017 WL 5159613
(C.D. Cal. Nov. 7, 2017) ..................................................................................... 8, 9

*Arroyo v. Int'l Paper Co.*,
No. 17-cv-06211, 2020 WL 887771
(N.D. Cal. Feb. 24, 2020) ................................................................................. 17, 18

*Ayala v. U.S. Xpress Enters., Inc.*,
No. 16-cv-00137, 2019 WL 1986760
(C.D. Cal. May 2, 2019) ...................................................................................... 15

*Bernal v. FedEx Ground Package Sys., Inc.*,
No. CV 15-01448, 2015 WL 4273034
(C.D. Cal. July 14, 2015) .................................................................................... 4, 5

*Carbardo v. Patacsil*,
248 F. Supp. 3d 1002 (E.D. Cal. 2017) ................................................................ 16

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ............................................................................................ 13

*Clark v. Feder, Semo & Bard, P.C.*,
808 F. Supp. 2d 219 (D.D.C. 2011),
*aff'd*, 739 F.3d 28 (D.C. Cir. 2014) ...................................................................... 3

*Conrad v. Bank of Am.*,
45 Cal. App. 4th 133 (1996) .............................................................................. 2, 6

*Dilts v. Penske Logistics, LLC*,
769 F.3d 637 (9th Cir. 2014) .............................................................................. 10

*Espinoza v. Hepta Run, Inc.*,
74 Cal. App. 5th 44 (2022)
*review denied* (Apr. 27, 2022) ................................................................... 10, 14, 15

*F.T.C. v. Hughes*,
710 F. Supp. 1520 (N.D. Tex. 1989) ................................................................... 13

*F.T.C. v. Publ'g Clearing House, Inc.*,
104 F.3d 1168 (9th Cir. 1997) ............................................................................ 13

*Furnari v. Dornan*,
12 F.3d 1106 (9th Cir. 1993) (table) ................................................................... 3, 6

*Goldilocks Corp. of S. Cal., Inc. v. Ramkabir Motor Inn Inc.*,
26 F. App'x 693 (9th Cir. 2002) ............................................................................ 5

FEDEX GROUND PACKAGE SYSTEM, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

*Gray v. FedEx Ground Package Sys., Inc.*
No. 4:06-CV-00422, 2014 WL 4386741
(E.D. Mo. Sept. 5, 2014)...............................................................................................3

*Hinds v. FedEx Ground Package Sys., Inc.*,
No. 18-cv-01431, 2020 WL 12048882
(C.D. Cal. June 1, 2020) ...........................................................................................9, 16

*In re Bailey*,
197 F.3d 997 (9th Cir. 1999) ......................................................................................6

*Int'l Bhd. of Teamsters, Local 2785 v. Fed. Motor Carrier Safety Admin.*,
986 F.3d 841 (9th Cir. 2021) ..................................................................................10, 15

*Labrie v. UPS Supply Chain Sols., Inc.*,
No. C 08-3182, 2008 WL 11404501
(N.D. Cal. Oct. 3, 2008) ..............................................................................................4

*Lightfoot v. Wahoo Logistics*,
No. FCS050578 (Cal. Super. Ct. Feb. 2, 2022) ...........................................................5

*Marentes v. State Farm Mut. Auto. Ins. Co.*,
224 F. Supp. 3d 891 (N.D. Cal. 2016)..........................................................................2

*Nelson v. FedEx Ground Package Sys., Inc.*,
No. 1:18-cv-01378, 2019 WL 1437765
(D. Colo. Feb. 8, 2019) ..............................................................................................11

*Paddack v. Dave Christensen, Inc.*,
745 F.2d 1254 (9th Cir. 1984)....................................................................................13

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*,
150 Cal. App. 4th 384 (2007) .......................................................................................6

*Perea v. FedEx Ground Package Sys., Inc.*,
No. 20-CV-00610, 2020 WL 3989686
(S.D. Cal. July 15, 2020) ...........................................................................................13

*Rittmann v. Amazon.com, Inc.*,
971 F.3d 904 (9th Cir. 2020) ......................................................................................11

*Robinson v. Chef's Warehouse, Inc.*,
No. 15-cv-05421, 2019 WL 4278926
(N.D. Cal. Sept. 10, 2019) ..........................................................................................14

*Robinson v. FedEx Ground Package Sys., Inc.*,
No. RG17854521 (Cal. Sup. Ct. May 6, 2022)....................................................1, 8, 9

*Salter v. Quality Carriers, Inc.*,
No. 20-479, 2021 WL 5049054
(N.D. Cal. Oct. 27, 2021)............................................................................................14

*SEC v. Criterion Wealth Mgmt. Servs., Inc.*,
No. 2:20-cv-01402, 2022 WL 1215786
(C.D. Cal. Apr. 25, 2022) ...........................................................................................14

*Senne v. Kansas City Royals Baseball Corp.*,
  No. 14-CV-00608, 2022 WL 783941
  (N.D. Cal. Mar. 15, 2022) ................................................................. 17, 18

*Shoemaker v. United Parcel Serv., Inc.*,
  No. 1:10-CV-185-EJL-CWD, 2011 WL 836998
  (D. Idaho Feb. 10, 2011) ........................................................................ 11

*Shoemaker v. United Parcel Serv., Inc.*,
  2011 WL 863015
  (D. Idaho Mar. 9, 2011) .......................................................................... 11

*Sportsman v. A Place for Rover, Inc.*,
  537 F. Supp. 3d 1081 (N.D. Cal. 2021) ................................................. 17

*Stephenson v. Argonaut Ins. Co.*,
  125 Cal. App. 4th 962 (2004) ............................................................... 2, 3

*Stevens v. Corelogic, Inc.*,
  899 F.3d 666 (9th Cir. 2018) ................................................................... 2

*Sweet v. United Parcel Serv., Inc.*,
  No. 09-02653, 2010 WL 11507624
  (C.D. Cal. Oct. 13, 2010) ...................................................................... 8, 9

*Tatum v. City & Cty. of S.F.*,
  441 F.3d 1090 (9th Cir. 2006) ................................................................. 2

*Travis v. Knappenberger*,
  204 F.R.D. 652 (D. Or. 2001) .................................................................. 4

*Travis v. Knappenberger*,
  87 F. App'x 24 (9th Cir. 2003) ............................................................... 5

*Travis v. Knappenberger*,
  No. 3:00-cv-00393-RE, Findings and Recommendation
  (D. Or. Mar. 20, 2002) ............................................................................ 5

*Travis v. Knappenberger*,
  No. 3:00-cv-00393-RE, Op. & Order
  (D. Or. May 15, 2002) ............................................................................. 5

*Villiarimo v. Aloha Island Air. Inc.*,
  281 F.3d 1054 (9th Cir. 2002) ............................................................... 14

*Voris v. Lampert*,
  7 Cal. 5th 1141 (2019) .......................................................................... 6, 7

*Wamboldt v. Safety-Kleen Systems, Inc.*,
  No. 07-cv-0884, 2008 WL 728884
  (N.D. Cal. Mar. 17, 2008) ........................................................... 9, 10, 12

*Watkins v. Ameripride Servs.*,
  375 F.3d 821 (9th Cir. 2004) ................................................................ 8, 9

*Willner v. Manpower Inc.*,
   35 F. Supp. 3d 1116 (N.D. Cal. 2014)...................................................................17, 18

*Wilson v. SkyWest Airlines, Inc.*,
   No. 19-CV-01491, 2021 WL 2913656
   (N.D. Cal. July 12, 2021)...................................................................................17, 18

*Woods v. Vector Mktg. Corp.*,
   No. C-14-0264, 2015 WL 2453202
   (N.D. Cal. May 22, 2015)...................................................................................17, 18

**Statutes**

26 U.S.C. § 401...................................................................................................................3

26 U.S.C. § 410...................................................................................................................3

26 U.S.C. § 501...................................................................................................................3

29 U.S.C. § 213...................................................................................................................7

49 U.S.C. § 31141.............................................................................................................15

49 U.S.C. § 31502...............................................................................................................7

**Rules**

Fed. R. Civ. P. 56...............................................................................................................2

Fed. R. Evid. 1006.............................................................................................................13

Fed. R. Evid. 803...............................................................................................................13

**Regulations**

29 C.F.R. § 782.2...............................................................................................................7

49 C.F.R. § 395.1..............................................................................................................10

49 C.F.R. § 395.11............................................................................................................10

49 C.F.R. § 395.3...........................................................................................................9, 10

49 C.F.R. § 395.8..............................................................................................................10

8 C.C.R. § 11090........................................................................................................8, 9, 10

**Other Authorities**

SAFETEA-LU Technical Corrections Act of 2008, § 306
   Pub. L. 122 Stat. 1572....................................................................................................7

FEDEX GROUND PACKAGE SYSTEM, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs provide no basis to deny summary judgment. They argue the motion is premature because the Parties have not yet engaged in "merits" discovery. But Plaintiffs do not show what facts they need, let alone how discovery would defeat summary judgment. No further discovery is needed. Plaintiffs cannot point to a single fact raising a genuine issue for trial. Their claims fail as a matter of law, as shown by a few examples:

***Fraudulent Misrepresentation and Conversion***. Recognizing that FedEx Ground was within its rights under ERISA to exclude Plaintiffs from its benefits plans, Plaintiffs theorize that their exclusion violated the Internal Revenue Code. Even if they could prove this, it would not matter—any violation would not give rise to a right to benefits, so Plaintiffs cannot prove damages for their fraud claim or the property right for their conversion claim.

***Overtime and Meal/Rest Breaks***. Plaintiffs do not dispute that Sobaszkiewicz and Overpeck have no claims and, instead, focus on Sterling. But his claims fail, too. Plaintiffs do not successfully challenge FedEx Ground's evidence showing he drove commercial motor vehicles to transport packages that moved in interstate commerce. They conflate the <u>federal</u> light-vehicle exception to the FLSA overtime exemption with <u>California's</u> Motor Carrier Exemption, which has no similar exception. And courts have rejected the argument that the DOT's Hours of Service regulations do not apply to "short haul" drivers, as recently confirmed in *Robinson v. FedEx Ground*. (*See* ECF 383-1.)

***Wage Statements, Payroll Records, & Waiting Time Penalties***. Plaintiffs point to no evidence challenging FedEx Ground's good-faith belief it was not Plaintiffs' joint employer and instead argue the defense does not apply to the "knowing and intentional" element of a wage statement claim or cannot be decided on summary judgment. Plaintiffs ignore that the <u>majority</u> of courts have rejected those arguments. This Court should do the same.

For these and many other reasons discussed below, the Court should grant summary judgment for FedEx Ground as to the vast majority of Plaintiffs' claims.

<u>**ARGUMENT**</u>

**I.    PLAINTIFFS ARE NOT ENTITLED TO MORE DISCOVERY**

The Parties have engaged in substantial discovery: since 2019, FedEx Ground produced

almost 41,000 pages of documents, including hundreds of spreadsheets of scanner and vehicle weight data, in response to 119 document requests; and Plaintiffs have noticed 18 depositions, including four 30(b)(6) depositions of FedEx Ground and two individual depositions of its employees.  (Ramirez Decl. ¶¶ 4-16.)  Despite all this, Plaintiffs claim this motion is premature because the Parties have not reached "the merits discovery phase."  (Pls.' Opp'n 1, 3, 12-13, 19-20, ECF 385.)  Even if true, a summary judgment motion should be denied only if the plaintiff "shows <u>by affidavit or declaration</u> that, for specified reasons, it cannot present facts <u>essential to justify its opposition</u>."  Fed. R. Civ. P. 56(d) (emphasis added).  Plaintiffs must identify "the specific facts that further discovery would reveal."  *Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006); *see also Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018). They also must show that they "diligently pursued [] previous discovery opportunities." *Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F. Supp. 3d 891, 925 (N.D. Cal. 2016).

Plaintiffs do none of these things.  While their counsel submits a declaration (ECF 381-5), it says nothing about needing more discovery.  Nor do Plaintiffs satisfy the requirements in their brief.  Plaintiffs' request should therefore be denied.  *E.g.*, *Stevens*, 899 F.3d at 678 (affirming denial of Rule 56(d) request); *Tatum*, 441 F.3d at 1100 (same).

## II.    PLAINTIFFS' COMMON-LAW CLAIMS FOR WAGES AND BENEFITS FAIL

### A.    Plaintiffs Cannot Prove They Suffered a <u>Compensable</u> Loss as a Result of the Alleged Fraudulent Misrepresentation

Plaintiffs do not dispute that, even if found to be FedEx Ground employees, they would not be entitled to recover benefits.  They insist it does not matter because they are seeking the "minimum value of the benefits to which they would be entitled if FedEx did not premise its plans on the misrepresentation that the drivers are not its employees."  (Pls.' Opp'n 3, 17-18.) But to recover for fraud, Plaintiffs must prove they suffered a "<u>compensable</u> loss as a result of defendant's alleged fraudulent representation."[1] *Stephenson v. Argonaut Ins. Co.*, 125

---

[1] *E.g.*, *Andre v. Bank of Am., NA*, No. 14-CV-02888, 2016 WL 69914, at *5 (N.D. Cal. Jan. 6, 2016) (plaintiff "cannot recover the benefits of a modification that, per his own allegations, BANA never intended to grant"); *Conrad v. Bank of Am.*, 45 Cal. App. 4th 133, 160 (1996)

Cal. App. 4th 962, 975 (2004) (emphasis added). As Plaintiffs are not entitled to benefits, they cannot prove the necessary element of damages. *Id.*

No law requires FedEx Ground to provide benefits to all employees, and myriad federal courts have upheld similar plan exclusions. Plaintiffs instead theorize that FedEx Ground violated the Internal Revenue Code by writing them out of its benefits plans. (Pls.' Opp'n 3, 18.) But Plaintiffs cite only to section 410(b) of the Code, a provision that just sets forth the "coverage requirements" for a pension, profit-sharing, or stock bonus trust to qualify for preferential tax treatment under section 501(a). 26 U.S.C. § 410(b); 26 U.S.C. §§ 401(a)(3), 501(a). As the Ninth Circuit has explained, "whether a plan discriminates in favor of highly compensated employees has only tax consequences" and is "between the employer and the [IRS]." *Furnari v. Dornan*, 12 F.3d 1106, at *2 n.4 (9th Cir. 1993) (table). It does not give an employee standing, nor a "colorable claim to vested benefits."[2] *Id.*; *see Clark v. Feder, Semo & Bard, P.C.*, 808 F. Supp. 2d 219, 234 (D.D.C. 2011), *aff'd*, 739 F.3d 28 (D.C. Cir. 2014).

Nor does *Gray v. FedEx Ground Package System*, No. 4:06-CV-00422, 2014 WL 4386741 (E.D. Mo. Sept. 5, 2014), help Plaintiffs. *Gray* did not address whether plaintiffs can establish damages when they have no right to receive benefits; nor did it hold that a violation of section 410(b) gives rise to any entitlement. Rather, *Gray* addressed whether the drivers' common-law claims were preempted by ERISA, finding they were not, *id.* at *3—a finding contrary to many other cases (*see* Defs.' Mem. in Supp. of Summ. J. 7 n.3, ECF 372).[3]

In short, because Plaintiffs are not entitled to receive benefits even if found to be employees, they cannot prove they suffered a compensable loss as a result of the alleged fraud. For this reason, none of the general categories of discovery they request—(1) whether they are employees; (2) whether FedEx violated section 410(b); and (3) the value of FedEx Ground's

---

(affirming judgment where plaintiff sought damages stemming from inability to obtain a loan but defendant "was not under any legal or contractual obligation" to make the loan).

[2] Even if it did, section 410(b) does nothing for Plaintiffs' attempt to also recover the value of other FedEx Ground benefits. (*See* FAC ¶ 108 & Prayer for Relief § n, ECF 371.)

[3] Notably, the Eighth Circuit later vacated the *Gray* verdict and remanded for a new trial after finding the trial court erred in granting summary judgment on the issue of whether the drivers were employees or independent contractors. 799 F.3d 995, 1003 (8th Cir. 2015).

benefits—would make any difference to the outcome of this motion.  (Pls.' Opp'n 19.)

**B.     Plaintiffs Cannot Prove an Actionable Misrepresentation**

Ignoring this Court's prior holding that a fraud "premised on [a] misrepresentation of plaintiffs' employee status" is not actionable, *Labrie v. UPS Supply Chain Sols., Inc.*, No. C 08-3182, 2008 WL 11404501, at *1 (N.D. Cal. Oct. 3, 2008), Plaintiffs insist—without legal support—that the representation here is one "of fact, not law."[4]  (Pls.' Opp'n 20.)  That is incorrect, as this Court and many others have found.

Plaintiffs attempt to distinguish one case, *Bernal v. FedEx Ground Package System, Inc.*, by claiming the misrepresentation there was that the drivers were independent contractors.  (*Id*. n.9.)  This is a distinction without a difference, as recognized by *Bernal*: "A statement that an individual is a contractor, vendor, or an employee of a contractor, is a statement of law."  No. CV 15-01448, 2015 WL 4273034, at *3 (C.D. Cal. July 14, 2015) (emphasis added).

Plaintiffs next argue that, even if a legal conclusion, the representation is still actionable because it includes misrepresentations of fact, including that FedEx Ground "does not have control over the drivers."  (Pls.' Opp'n 21.)  But Plaintiffs did not plead these representations, and it is unclear how an entity could exert and hide control at the same time.  Further, this Court rejected the theory in *Labrie*, where the plaintiff claimed it was "the facts surrounding the actual command and control that defendant exerts" that make the claim actionable.  2008 WL 11404501, at *1.  In disagreeing, this Court explained that "the central issue remains whether defendant misrepresented the *classification* of plaintiffs' [employment] status," which is a nonactionable misrepresentation of law.  *Id.*

Further, Plaintiffs' main case, *Travis v. Knappenberger*, supports FedEx Ground.  While the court held that, under Oregon law, allegations that the company "misrepresented the legal status of plaintiffs' employment classification" were enough at the pleading stage, 204 F.R.D. 652, 660 (D. Or. 2001), the court later granted summary judgment—a decision affirmed

---

[4] Plaintiffs back away from their pleaded "vendor" representation and expand to one "that Plaintiffs were not employees of FedEx Ground."  (Pls.' Opp'n 20.)  This claim also fails as to Sobaszkiewicz because she testified (contrary to her declaration) that no one told her that she was not an employee of FedEx Ground. (Sobaszkiewicz Dep. 231:18-232:10, ECF 373-3.)

on appeal. 87 F. App'x 24, 26 (9th Cir. 2003); Request for Judicial Notice (RJN) Exs. 1-2. Because the plaintiffs knew "the degree of control exercised by defendant," among other facts, the representation "was a statement as to [defendant's] opinion of the legal consequences of all of the known facts of the working relationship." (RJN Ex. 1, at 10.) In agreeing, the Ninth Circuit explained that the plaintiff "failed to create a material issue as to any fact pertinent to her working relationship with [defendant] of which she was unaware" and, therefore, the statement was a non-actionable legal opinion. 87 F. App'x at 26 (emphasis added).

The same is true here. While Plaintiffs claim that whether the representation is one of fact or law "depends on the circumstances," they do not identify any circumstances that demand "further investigation." (Pls.' Opp'n 21.) Nor could they. Plaintiffs know how much control FedEx Ground allegedly asserted: the vast majority of their declarations focused on this. (Sterling Decl. ¶¶ 3-6, 22-34, ECF 385-4; Sobaszkiewicz Decl. ¶¶ 17-26, ECF 385-2; Overpeck Decl. ¶¶ 4-16, 30, ECF 385-3.) While the parties dispute whether those facts are as Plaintiffs claim and are enough to create an employment relationship, that does not give rise to a genuine dispute over whether the alleged representation is one of law.

Finally, Plaintiffs are incorrect in arguing (at 22) that FedEx Ground "has special knowledge of the law" to make the representation actionable. *See Bernal*, 2015 WL 4273034, at *3 ("[T]he Court cannot see how FedEx would have some special knowledge of employment law in this context."). Plaintiffs cite *Estrada* and *Alexander* but those decisions involved a long-extinct business model in which FedEx Ground contracted directly with full-time drivers. (*See* Opp'n to Class Cert. 15-16, ECF 304.) They say nothing about whether drivers employed by Service Providers under the current model are also employees of FedEx Ground. The one case that does address that issue—*Lightfoot v. Wahoo Logistics*, No. FCS050578 (Cal. Super. Ct. Feb. 2, 2022)—found that FedEx Ground is <u>not</u> the employer. (ECF 343-1, at 5-8.)

### C. Plaintiffs Fail to Point to Any Disputed Facts Over Whether They Relied to Their Detriment on Any Representation from FedEx Ground

Plaintiffs must prove they "changed [their] position in reliance on the [alleged] misrepresentation," *Goldilocks Corp. of S. Cal., Inc. v. Ramkabir Motor Inn Inc.*, 26 F. App'x

693, 696 (9th Cir. 2002), and did so "to [their] detriment," *Conrad*, 45 Cal. App. 4th at 157. Plaintiffs point to no facts showing they can meet this standard—they admit their only "reliance" evidence is that none applied for benefits because they believed it would be futile. (Pls.' Opp'n 23 (citing declarations).) That is the <u>opposite</u> of changing positions to their detriment. Plaintiffs were not entitled to benefits (*see* Part I.A, *supra*), so their decision to not ask for them—even if caused by FedEx Ground's representation—caused them no harm.

### D. Plaintiffs Do Not Point to Any Evidence Showing They Have a Property Right in FedEx Ground's Benefits, As Necessary to Prove Conversion

Plaintiffs do not cite a single case recognizing a conversion claim based on the failure to provide benefits. Nor could they. If an employee's claim to unpaid earned wages does not constitute a property interest, *Voris v. Lampert*, 7 Cal. 5th 1141, 1152 (2019), then the failure to provide benefits surely cannot. Plaintiffs do not explain how their claim survives in light of *Voris*. Instead, they claim a "vested interest" in FedEx Ground's plans because if they violate the Internal Revenue Code, "[t]his is property Plaintiffs should have had all along." (Pls.' Opp'n 23-24.) But a violation of section 410(b) does not give Plaintiffs "a colorable claim to vested benefits," *Furnari*, 12 F.3d 1106, at *2, let alone make Plaintiffs entitled "to immediate possession at the time of conversion," *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999).

Nor do Plaintiffs point to any <u>facts</u> showing the "specific, identifiable sum involved." *Voris*, 7 Cal. 5th at 1151. That the *Gray* jury awarded damages for a <u>fraud</u> claim based on expert testimony says nothing about whether Plaintiffs are seeking to recover a "specific thing" they had a right to possess. *Id.* Plaintiffs make only a "generalized claim for money," which is "not actionable as conversion." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007) (affirming summary judgment where facts showed "uncertainty regarding the sum plaintiffs seek" and rejecting argument that the precise amount "is properly for a jury").[5]

---

[5] With no legal basis for their claim, Plaintiffs ask this Court to expand the tort for policy reasons. (Pls.' Opp'n 23.) But "the law has been careful to distinguish proper claims for the conversion of money from other types of monetary claims more appropriately dealt with under

**E.     The Labor Code Preempts Plaintiffs' Common-Law Claims for <u>Wages</u>**

To the extent Plaintiffs try to use their common-law claims to seek unpaid wages, as they pleaded in their complaint (FAC ¶¶ 105, 108, 113), that attempt is preempted by the Labor Code, as this Court already held (*see* Order Denying Mot. for Class Cert. 10, ECF 362).

## III.     CALIFORNIA'S MOTOR CARRIER EXEMPTION BARS OVERTIME

**A.     Sterling's Occasional Use of Lighter, Non-Commercial Vehicles Does Not Make Him Eligible for Overtime Pay Under California law**

### 1.     *California's exemption does not contain a small vehicle exception*

In arguing (at 5-7) that California's Motor Carrier Exemption does not apply because his use of light vehicles was more than *de minimis*, Sterling confuses the <u>federal</u> Motor Carrier Act exemption under the FLSA (and an exception to that exemption) with <u>California's</u> Motor Carrier Exemption. Though Sterling fails to say it, he relies on a Congressionally-provided carve-out to the FLSA's exemption that has nothing to do with California's overtime law.

The FLSA provides an overtime exemption for drivers subject to the DOT's "power to establish qualifications and maximum hours of service," known as the "MCA exemption." 29 U.S.C. § 213(b)(1). That authority extends to all drivers engaged in interstate commerce, regardless of vehicle size. 49 U.S.C. § 31502(b)(1); 29 C.F.R. § 782.2. But in 2008, Congress passed the SAFETEA-LU Technical Corrections Act ("TCA"), which carves out an exception to the MCA exemption for drivers whose work involves the use of light vehicles "in whole or in part" (the "small vehicle exception"). SAFETEA-LU Technical Corrections Act of 2008, § 306(a), (c), Pub. L. 110-244, 122 Stat. 1572. Courts interpreting the TCA have held that a driver qualifies for the small vehicle exception when his use of light vehicles is more than *de minimis*. (*See* Pls.' Opp'n 5-6 (citing cases).) That <u>inapplicable</u> federal exception is the basis for Plaintiffs' argument.

The federal small vehicle exception has no counterpart in California law. California's Motor Carrier Exemption provides only that state overtime requirements do not apply to drivers

other theories of recovery." *Voris*, 7 Cal. 5th at 1151. Plaintiffs may find their exclusion from benefits unfair, but the law cannot be stretched beyond its bounds.

"whose hours of service are regulated by" the DOT's Hours of Service regulations. 8 C.C.R. § 11090(3)(L). The exemption is not tied to the federal MCA exemption, nor does it include any type of carve-out akin to the federal small vehicle exception. For this reason, the <u>only</u> inquiry under California law is whether Plaintiffs are "regulated by" the Hours of Service regulations. Those regulations, in turn, apply to drivers engaged in interstate commerce whose use of "<u>heavy</u>" commercial motor vehicles is more than *de minimis*. *See Sweet v. United Parcel Serv., Inc.*, No. 09-02653, 2010 WL 11507624, at *4-6 (C.D. Cal. Oct. 13, 2010); *Robinson v. FedEx Ground Package Sys., Inc.*, No. RG17854521, slip op. at 4 (Cal. Sup. Ct. May 6, 2022) (ECF 383-1) ("[T]he DOT may properly exercise control over drivers who spend a non-de minimis amount of time driving vehicles with a GVWR of 10,001 pounds or more.").[6]

Plaintiffs cite no authority suggesting the Hours of Service regulations do not apply to drivers, like Sterling, who <u>also</u> operate light vehicles as a non-*de minimis* aspect of their work. And none of their arguments for reading the federal small vehicle exception into California's Motor Carrier Exemption are persuasive. First, that California's exemption has historically been narrower than the FLSA's exemption is irrelevant here. (Pls.' Opp'n 5 n.1.) That dynamic changed with the TCA's creation of the small vehicle exception, which altered the way the FLSA's MCA exemption applies. At the same time, the TCA did not affect the Hours of Service regulations or how they apply. Consequently, after Congress's passage of the TCA, California's Motor Carrier Exemption applies more broadly than the FLSA's MCA exemption.

Second, Plaintiffs' cases on the federal small vehicle exception do not guide the issue here. FLSA cases are helpful to interpreting California wage laws only "where there are parallels in federal law," but there are none here. *Antemate v. Estenson Logistics, LLC*, No. 14-cv-5255, 2017 WL 5159613, at *4 (C.D. Cal. Nov. 7, 2017).[7]

---

[6] Unlike the cases Plaintiffs cite, *Sweet* and *Robinson* are on point because they addressed the precise issue here—application of California's Motor Carrier Exemption and, thus, the Hours of Service regulations. Sterling's complaint about those cases—that neither addressed "the light vehicles exception" (Pls.' Opp'n 6 n.2)—proves FedEx Ground's point. *Sweet* and *Robinson* did not address the federal exception because that exception is irrelevant under California law.

[7] *Antemate* and *Watkins v. Ameripride Services* recognized only that federal case law is

Finally, *Hinds v. FedEx Ground Package System, Inc.*, No. 18-cv-01431, 2020 WL 12048882 (C.D. Cal. June 1, 2020), is unpersuasive. There, the plaintiffs asserted <u>both</u> federal and state overtime claims (unlike here), leading the court to conflate the federal and state exemptions. *Id.* at *4-8. The court assumed, without discussion or providing any reasoned basis for such an assumption, that the two exemptions applied in the same manner. Because Plaintiffs in this case, unlike in *Hinds*, have not even asserted a federal overtime claim, their discussion of the *de minimis* analysis under the federal exception to the exemption is improper.

### 2. *Sterling is not entitled to overtime on days he drove a light vehicle*

The plain language of California's Motor Carrier Exemption forecloses Sterling's argument: California's overtime rules are "<u>not applicable</u> to employees whose hours of service are regulated by" the Hours of Service regulations. 8 C.C.R. § 11090(3)(L) (emphasis added). Because Sterling's use of commercial vehicles was undisputedly more than *de minimis*, he was subject to the federal regulations even if he sometimes used non-commercial vehicles. In *Robinson*, a California state judge rejected the same argument, finding it contrary to "Wage Order 9 under the motor carrier exception." ECF 383-1, at 4; *see also Sweet*, 2010 WL 11507624, at *4 ("*[I]f* UPS succeeds in establishing that Sweet has met the above three conditions [of the exemption] *then* the [DOT] regulations apply to her and she . . . is not entitled to overtime pay.").

Relying on *Wamboldt v. Safety-Kleen Systems, Inc.*, No. 07-cv-0884, 2008 WL 728884 (N.D. Cal. Mar. 17, 2008), Sterling claims that California's daily overtime rule entitles him to overtime on days he drove a light vehicle, which assumes he was not subject to DOT regulations on those days and thus outside the scope of California's exemption. (Pls.' Opp'n 10.) But Sterling provides no authority showing the regulations apply one day and not the next—a proposition that would undermine those regulations expressly applying to drivers operating both commercial and non-commercial vehicles. *E.g.*, 49 C.F.R. § 395.3(b)(1).

---

instructive to the extent it lays out the boundaries of the DOT's jurisdiction, which of course is relevant to deciding if a driver is subject to the Hours of Service regulations. *See Watkins*, 375 F.3d 821, 825 n.2 (9th Cir. 2004) (deciding if plaintiff was engaged in interstate commerce); *Antemate*, 2017 WL 5159613, at *4-10 (deciding if plaintiff was subject to DOT's jurisdiction).

Neither *Wamboldt* nor the manual that Sterling references addresses the extent to which DOT regulations apply to drivers using mixed fleets.

### B. Sterling Is Exempt Even If He Qualifies As a "Short Haul" Driver

Sterling is also wrong in claiming he is outside the Motor Carrier Exemption because he qualifies as a "short haul" driver. (Pls.' Opp'n 7.) California's exemption applies to all drivers subject to the Hours of Service regulations, as contained in the "Code of Federal Regulations, Title 49, Sections 395.1 to 395.13." 8 C.C.R. § 11090(3)(L). Those regulations provide a limited exemption to some—but not all—of the Hours of Service rules for qualifying short haul drivers. (49 C.F.R. §§ 395.1(e)(1) (exempting qualifying drivers from §§ 395.8 and 395.11), 395.3(a)(3)(iii).) Even if Sterling qualifies for this exemption, he is still subject to all other regulations in sections 395.1 to 393.13, including those imposing limitations for on-duty and driving time and requiring minimum off-duty hours. *See Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 56 (2022) ("[T]he HOS rules, as a general matter, apply to short haul drivers. The fact that those drivers are exempted from one rule does not remove them from the universe of drivers subject to the hours of service rules . . . ."), *review denied* (Apr. 27, 2022).

None of Plaintiffs' cases address this issue. Rather, Plaintiffs rely on isolated statements from inapposite cases, none of which analyzed the limited nature of the short-haul exemption. In *International Brotherhood of Teamsters, Local 2785 v. Fed. Motor Carrier Safety Administration*, 986 F.3d 841, 845 (9th Cir. 2021), the Ninth Circuit reviewed the FMCSA's decision that federal law preempts California's meal and rest break rules. The quoted language was in a passing comment about *Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014), a case addressing whether the Federal Aviation Administration Authorization Act preempted California's break rules. *Dilts*, in turn, stated in dicta, with no analysis, that short-haul drivers were not subject to "federal hours-of-service regulations," apparently because they are exempt from the rest break requirement of section 395.3(a)(3)(ii). 769 F.3d at 648 n.2.

### C. The Undisputed Evidence Shows Sterling Engaged in Interstate Commerce

There is no genuine dispute that Sterling was engaged in interstate commerce because he was reasonably expected to, and did, pick up and deliver packages that moved in interstate

commerce. Indeed, his fellow Plaintiffs were linehaul drivers who drove freight across country; freight that drivers like Sterling eventually delivered. (FAC ¶¶ 2, 4.)

First, Sterling does not offer any evidence to contradict that he picked up and delivered packages bound for or originating outside California. This means there is <u>no conflicting evidence</u> to create a genuine dispute about whether Sterling's activities involved the transport of goods moving in interstate commerce. Instead, Sterling challenges the sufficiency of FedEx Ground's evidence, arguing its nationwide engagement in interstate commerce does not show he personally delivered goods that moved in interstate commerce. (Pls.' Opp'n 9.)

But such granular evidence is not required. To the contrary, courts routinely hold drivers are engaged in interstate commerce where the employer's primary business is the interstate shipping of goods, as it is reasonable to infer that drivers' duties involved transporting goods moving in interstate commerce. *See, e.g.*, *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 915 (9th Cir. 2020) (last-mile delivery drivers engaged in interstate commerce because Amazon regularly ships goods across state lines); *Nelson v. FedEx Ground Package Sys., Inc.*, No. 1:18-cv-01378, 2019 WL 1437765, at *3 (D. Colo. Feb. 8, 2019); *Shoemaker v. United Parcel Serv., Inc.*, No. 1:10-CV-185-EJL-CWD, 2011 WL 836998, at *8 (D. Idaho Feb. 10, 2011), *R. & R. adopted*, 2011 WL 863015 (D. Idaho Mar. 9, 2011).

Here, FedEx Ground has set forth uncontroverted evidence showing the following:

- FedEx Ground is registered with the DOT as a motor carrier of property engaged in interstate commerce (Means Decl. ¶ 3, ECF 374);
- FedEx Ground's business centers on the transportation of packages across all 50 states, with its customers determining the origin and final destination of property (*id.* ¶¶ 3-5);
- Delivery drivers employed by Service Providers, like Sterling, provide first-and-last mile pickup and delivery services of customer packages, a substantial portion of which will move (pick-ups) or have moved (deliveries) in interstate commerce (*id.*); and
- Sterling picked up and delivered FedEx Ground packages (FAC ¶¶ 2-4, 6).

FEDEX GROUND PACKAGE SYSTEM, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

These facts are more than enough to satisfy FedEx Ground's burden.[8]

**D. Sterling Has Not Shown a Genuine Fact Dispute Concerning His Use of Commercial Motor Vehicles**

Plaintiffs' attempt to raise a fact dispute over the extent to which Sterling drove commercial motor vehicles also fails. (Pls.' Opp'n 12-13.) First, Plaintiffs are wrong in claiming that FedEx Ground's evidence is inadmissible. To prove Sterling's heavy vehicle usage, FedEx Ground submitted the declaration of Timmy Means, a Senior Manager of the Business Development Solutions group, which attached an exhibit summarizing the relevant scanner data and GVWR information. Mr. Means described the purpose of those business records, the source of the information, and how the information was compiled and retrieved. (Means Decl. ¶¶ 2, 16-27, ECF 374.) He explained that scanner data includes a unique vehicle number that identifies the specific vehicle operated by a driver, and that this number may be used to obtain vehicle-specific information, including the GVWR, maintained in the Vehicle Management System (VMS) database. (*Id.* ¶¶ 21-23.) Mr. Means stated that he regularly reviews the scanner and GVWR as part of his duties and that he reviewed the data that FedEx Ground personnel pulled for Sterling. (*Id.* ¶¶ 24-25.) The exhibit attached to his declaration (Exhibit D) combines relevant scanner data entries for Sterling (e.g., his driver number, on-duty date, and vehicle number) and the corresponding vehicle information, including GVWR.

This is more than enough for foundation.[9] Summary documents are admissible where

---

[8] Sterling's reliance on *Wamboldt* is again misplaced. First, the plaintiff there provided contrary evidence disputing that the materials he transported had moved in interstate commerce, creating a fact dispute. Second, *Wamboldt* did not involve a driver for a national shipping company. His employer was "engaged in the business of providing industrial washing services, and industrial waste and oil recycling services" to companies and government. 2010 WL 3743925, at *1.

[9] This information is not new. In January 2021, in response to a request from Plaintiffs, FedEx Ground provided them the declaration of Eric Rowland, which provided 21 substantive pages describing the process of obtaining scanner and vehicle weight and translating it for Plaintiffs. (Ramirez Decl. ¶ 17.) Plaintiffs used Mr. Rowland's declaration in support of their class certification motion. (ECF 293-25.) Then, in opposing class certification, FedEx Ground submitted the declaration of Susan Kernen, in which she provided detailed information about FedEx Ground's maintenance of scanner data and vehicle-specific information in the VMS. (Kernen Decl. ¶¶ 5-14, ECF 305-2.) Like Mr. Means, Ms. Kernen attached an exhibit summarizing scanner and GVWR data for various drivers, including Sterling. (*Id.* ¶ 15 & Ex.

the proponent establishes a foundation showing that (1) the materials underlying the summary are admissible in evidence; and (2) the underlying documents were made available to the opposing party. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984); *see* Fed. R. Evid. 1006. Both elements are satisfied. As explained by Mr. Means, those records are maintained in the regular course of business based on information supplied by individuals with personal knowledge, the drivers or their Service Providers, at the time of the event. *See* Fed. R. Evid. 803(6). Further, the raw scanner and GVWR data was produced to Plaintiffs in 2019 and 2021, respectively. (*See* Ramirez Decl. ¶ 14.) Plaintiffs' objection is therefore unfounded.[10]

Second, Sterling's attempt to create a fact dispute through his declaration fails. To defeat summary judgment in the face of FedEx Ground's evidence, Sterling must identify specific, material facts that give rise to a genuine dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence," is not enough. *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). At no point does Sterling identify the GVWR of any vehicle he drove. (Sterling Decl. ¶¶ 10-21, ECF 385-4.) Instead, he vaguely claims that he drove "small" or "smaller" vehicles—like a "cargo van," "small box truck," "small truck," "200 and 300 series" trucks, and "300 or 400 series" trucks—rather than "large" or "larger" trucks. (*Id.*) But those vague descriptions mean nothing because vehicles of the same general type can have different GVWRs depending on manufacturer design. (Means Decl. ¶¶ 6-7.) Also, when shown pictures of delivery vehicles at his deposition, Sterling testified that he mostly drove the "bigger ones." (Sterling Dep. 278:20-279:14 & Ex. C, Ramirez Decl. Ex. B.) Most importantly, at his deposition, Sterling admitted that he did <u>not</u> know the meaning of "Gross Vehicle Weight

<hr />

1.) That exhibit contains the same information provided by Mr. Means. Notably, Plaintiffs deposed Ms. Kernen about this information, *see* Ramirez Decl. ¶ 18, and did not object to it or the form in which it was provided. Instead, they embraced FedEx Ground's ability to compile such data, stating that "FedEx's Field Process Engineering Department is perfectly capable of compiling and sorting product weight information." (Pls.' Reply in Supp. of Class Cert. 18, ECF 326.) Nor have Plaintiffs ever requested to depose Mr. Rowland. (Ramirez Decl. ¶ 17.)

[10] *See Perea v. FedEx Ground Package Sys., Inc.*, No. 20-CV-00610, 2020 WL 3989686, at *4 (S.D. Cal. July 15, 2020) (foundation met when position gave her "familiarity with Defendant's business records and the applicable data"); *F.T.C. v. Hughes*, 710 F. Supp. 1520, 1524 (N.D. Tex. 1989) (Rule 1006 doesn't require personal knowledge of each evidence summarized).

Rating," did not know the GVWR of the vehicles he drove, and did not know the manufacturer, make, and model, or length of vehicles he drove. (*Id.* 280:25-284:15.)

The Court should disregard Sterling's "uncorroborated and self-serving" attempt to create a factual dispute. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *see also SEC v. Criterion Wealth Mgmt. Servs., Inc.*, No. 2:20-cv-01402, 2022 WL 1215786, at *15 (C.D. Cal. Apr. 25, 2022) (self-serving declarations did not indicate genuine dispute where they had no support in the record). Plaintiffs fail to properly dispute business records showing Sterling drove heavy vehicles **more than 86 percent of the time**.

## IV.    FEDERAL LAW PREEMPTS THE MEAL AND REST BREAK CLAIMS

### A.    The FMCSA Order Applies to Short-Haul Drivers

Plaintiffs claim the FMCSA preemption order does not apply to short-haul drivers (Pls.' Opp'n 10), but the California Court of Appeal, along with other courts, has rejected this exact argument. *Espinoza*, 74 Cal. App. 5th at 56 (reversing denial of summary adjudication on the plaintiffs' meal and rest break claims); *Salter v. Quality Carriers, Inc.*, No. 20-479, 2021 WL 5049054, at *9 (N.D. Cal. Oct. 27, 2021); *Robinson v. Chef's Warehouse, Inc.*, No. 15-cv-05421, 2019 WL 4278926, at *4 (N.D. Cal. Sept. 10, 2019); *Robinson*, ECF 383-1, at 5.

In *Espinoza*, the plaintiff argued—just as Sterling does here—that "because short haul drivers are exempted from one of the [Hours of Service] rules (the 30-minute rest break rule), the preemption order does not apply to them." 74 Cal. App. 5th at 56. The Court of Appeal rejected "such a strained and cramped interpretation" of the preemption order. *Id.* Instead, because "certain hours of service rules apply to short haul drivers, such as the daily limits on driving time and the daily and weekly limits on on-duty time," the federal rules apply and so does the FMCSA's broad preemption decision. Just because drivers are exempted from some rules "does not remove them from the universe of drivers subject to the hours of service rules, and it is not reasonable to read the language of the order to suggest they are." *Id.*

*Espinoza* is on point and well-reasoned. Sterling attempts to discredit the decision by mischaracterizing the FMCSA order as limited to drivers subject to the rest-break provision

within the Hours of Service regulations.[11] (Pls.' Opp'n 11 n.5.) While the FMCSA necessarily compares the DOT rest-break rule with California's meal and rest break rules, neither its analysis nor its preemption decision is limited as Sterling suggests. To the contrary, despite acknowledging that short-haul drivers are not subject to the DOT's rest-break rule (FMCSA Order 7 n.3, ECF 375-1), the FMCSA concluded that California's laws are preempted as applied "to drivers of property-carrying [commercial motor vehicles] <u>subject to the FMCSA's hours of service regulations</u>" (*id.* at 1, 40 (emphasis added)). Had the agency intended to limit preemption to drivers subject to the DOT's rest-break rule, it "easily, and explicitly," could have done so (and indeed, did so for passenger-carrying commercial vehicles, *id.* at 3 n.1).[12] *Espinoza*, 74 Cal. App. 5th at 56.

**B.** **The FMCSA Order Precludes Enforcement of California's Meal and Rest Break Rules Even on Days When Sterling Drove a Light Vehicle**

Federal law expressly prohibits states from enforcing laws or regulations the Secretary of Transportation—or, here, the FMCSA—has determined are preempted. 49 U.S.C. § 31141. The FMCSA made that determination (FMCSA Order 40), and the Ninth Circuit upheld it. *Int'l Bhd. of Teamsters*, 986 F.3d at 846. The Court, therefore, "has no authority to enforce the regulations under which [Sterling] bring[s] [his] claims." *Ayala v. U.S. Xpress Enters., Inc.*, No. 16-cv-00137, 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019).

Sterling is therefore wrong in claiming he is entitled to relief—and that the Court may grant it—on the days he drove a light vehicle. (Pls.' Opp'n 11.) As with his overtime claims, that argument rests on the unsupported assumption that his use of light vehicles rendered the

---

[11] Neither of Sterling's two cases analyzed the issue. In *Delgado v. Lincoln Transportation Services Inc.*, No. CV 19-09449, 2019 WL 7208416, at *4 (C.D. Cal. Dec. 27, 2019), the court accepted the plaintiffs' position on the issue, which the defendant did not address. In *Arrellano v. XPO Port Services Inc.*, No. 2:18-CV-08220, 2021 WL 4497936, at *3 (C.D. Cal. Mar. 30, 2021), the defendant did not argue that short-haul drivers were covered by the FMCSA Order.

[12] To the extent Sterling argues that FMCSA's order is justified only as to drivers subject to the DOT's rest-break rule, this Court has no jurisdiction to review or limit FMCSA's decision. That jurisdiction lies solely with the Ninth Circuit. 49 U.S.C. § 31141(f). And, here, the Ninth Circuit upheld the FMCSA order as a proper exercise of its authority—and without limiting the scope of that order to long-haul drivers. *See Int'l Bhd. of Teamsters*, 986 F.3d at 848.

Hours of Service rules inapplicable and, thus, removed him from the scope of the FMCSA Order. The *Hinds* court relied on its conflated analysis of the plaintiffs' federal and state overtime claims (Part III. A, *supra*) to conclude plaintiffs' meal and rest break claims survived where they drove light vehicles. 2020 WL 12048882, at *10. It should not be followed.

## V. PLAINTIFFS' WAGE STATEMENT CLAIM FAILS AS A MATTER OF LAW

Rather than explain how their theory—that FedEx Ground violated Labor Code section 226(a) by not <u>also</u> being identified on their wage statements[13]—comports with the plain language of section 226(a) (it does not), Plaintiffs argue only that (1) injury is presumed and, if not, triable issues exist, and (2) FedEx Ground's good faith belief is irrelevant. (Pls.' Opp'n 13-16.) Not only are Plaintiffs incorrect, but by failing to address FedEx Ground's statutory construction argument, they concede they cannot prove a violation.[14] Because Plaintiffs still "cite no cases where a court has found their theory of liability under section 226(a)(8) to be viable," summary judgment is warranted. (Class Cert. Denial 12, ECF 362.)

### A. Plaintiffs Fail to Identify Disputed Issues of Fact on Injury

Plaintiffs ignore the Court already rejected their argument that they are "deemed" to have suffered an injury under the statute and held, instead, that "each plaintiff will need to separately prove their injury." (*Id.*) Nothing in Plaintiffs' opposition merits reconsideration.[15]

Plaintiffs attempt to create a factual dispute by claiming to be impacted by FedEx Ground's omission from their wage statements. But Plaintiffs do not say they looked at their wage statements and noticed that FedEx Ground was not on them. Instead, they claim only that they understood the omission to mean they could not seek redress from FedEx Ground and that it would have been nice to <u>also</u> feel entitled to raise complaints with FedEx Ground. (Sterling

---

[13] It is undisputed that Plaintiffs received their wage statements and those statements provided their Service Providers' names and contact information. (Sterling Decl. ¶ 3, ECF 385-4; Sobaszkiewicz Decl. ¶¶ 4, 17, 38, ECF 385-2; Overpeck Decl. ¶¶ 3, 26, ECF 385-3.)

[14] Plaintiffs also have no response to FedEx Ground's argument that Overpeck's claim largely fails because he was not based in California, effectively conceding his claim.

[15] *Carbardo v. Patacsil*, 248 F. Supp. 3d 1002 (E.D. Cal. 2017), was not a joint employment case and did not address the issues here. The court addressed the injury requirement where the wage statements "were either silent as to hours or undisputedly inaccurate." *Id.* at 1012.

Decl. ¶ 50 ("I wish I would have been able to get worker's compensation or other . . . benefits through FedEx."); (Sobaszkiewicz Decl. ¶ 47 ("I believe the process would have been smoother if I had been able to get my . . . benefits through FedEx."); Overpeck Decl. ¶ 29 ("I certainly would have liked to work out the problem by changing times, routes, etc.").) These vague and conclusory statements do not create a fact dispute. *See Sportsman v. A Place for Rover, Inc.*, 537 F. Supp. 3d 1081, 1087-88 (N.D. Cal. 2021) (court would "only consider facts that do not appear to be a blatant attempt to create a dispute of fact and that are not conclusory"). Notably, Plaintiffs admit that they were able to, and did, raise their concerns with their Service Providers and that their Service Providers were the ones responsible for paying them. (Sterling Decl. ¶¶ 3, 38, 42-45; Sobaszkiewicz Decl. ¶¶ 4, 41, 44; Overpeck Decl. ¶¶ 4, 29.) The purpose of the statute—for employees to be able to seek redress about wages, taxes, unemployment insurance, and pensions—was met. That Plaintiffs were not satisfied with their responses does not equate to an injury under section 226.

**B.** **FedEx Ground's Good Faith Belief Is Relevant to and Defeats Plaintiffs' Wage Statement Claim (and Payroll Records and Waiting Time Penalties)**

Plaintiffs do not point to any evidence disputing FedEx Ground's good faith belief it was not Plaintiffs' employer. Instead, they claim whether FedEx Ground believed it was not their employer is irrelevant to the "knowing and intentional" element and also is "inappropriate for resolution on summary judgment." (Pls.' Opp'n 15-16.) Plaintiffs are wrong again.

First, "the majority view is that an employer's good faith belief that it is not violating the California Labor Code precludes a finding of a knowing and intentional violation." *Arroyo v. Int'l Paper Co.*, No. 17-cv-06211, 2020 WL 887771, at *11 (N.D. Cal. Feb. 24, 2020) (citing cases); *see also Wilson v. SkyWest Airlines, Inc.*, No. 19-CV-01491, 2021 WL 2913656, at *3 (N.D. Cal. July 12, 2021); *Woods v. Vector Mktg. Corp.*, No. C-14-0264, 2015 WL 2453202, at *3 (N.D. Cal. May 22, 2015). Ignoring these cases, Plaintiffs urge the Court (at 15-16) to adopt the minority view, citing to *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116 (N.D. Cal. 2014), and *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608, 2022 WL 783941 (N.D. Cal. Mar. 15, 2022). But *Arroyo* examined *Willner* and declined to follow it as "failing to

consider the employer's good faith belief would read out of § 226(e) the mental state implicated by the phrase 'knowing and intentional.'" 2020 WL 887771, at *12; *see also Woods*, 2015 WL 2453202, at *3 n.2 (noting *Willner* "did not address the 'good faith dispute' defense"). *Senne* is similarly unhelpful, as that case relied on *Willner* without acknowledging the split in authority or grappling with the issue. The Court should follow the majority rule.

Second, courts <u>routinely</u> grant summary judgment on wage statement, payroll records, and waiting time claims where the undisputed facts show the defendant acted in good faith. *E.g.*, *Wilson*, 2021 WL 2913656, at *3; *Arroyo*, 2020 WL 887771, at *13; *Woods*, 2015 WL 2453202, at *3. Here, because Plaintiffs identify no facts sufficient to create a dispute as to whether FedEx Ground had a good-faith belief that it was not the employer, FedEx Ground is entitled to summary judgment on those claims.

## VI. PLAINTIFFS FAIL TO SUPPORT THEIR PAYROLL RECORDS CLAIM

Plaintiffs concede that FedEx Ground cannot be vicariously liable for a Service Provider's failure to maintain payroll records, instead arguing that <u>both</u> the direct and joint employer must independently maintain those records. (Pls.' Opp'n 17.) Once again, Plaintiffs do not cite any authority for this novel theory. None exists.

Nor do Plaintiffs identify any disputed issues of fact showing FedEx Ground acted willfully. Instead, they claim that FedEx Ground caused, and was aware or had notice of, the supposed inaccuracies in their payroll records. But Plaintiffs do not cite anything in the record for support. And even if FedEx Ground does "payroll audits," Plaintiffs do not identify any evidence that FedEx Ground audited their Service Providers or otherwise knew anything about their specific records. Instead, the only record evidence shows that Service Providers agreed in their contracts to comply with the Labor Code. (Means Decl. ¶ 7 & Exs. A-B, ECF 374.)

## CONCLUSION

Plaintiffs fail to dispute that FedEx Ground has carried its burden of establishing no genuine dispute of material fact. Nor do Plaintiffs identify specific facts showing a genuine issue for trial. FedEx Ground is entitled to summary judgment on the claims it identified.

DATED:  June 22, 2022

WHEELER TRIGG O'DONNELL LLP

By:   _/s/ Jessica G. Scott_
     JESSICA G. SCOTT
     Attorney for Defendant
     FEDEX GROUND PACKAGE SYSTEM,
     INC.

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

I HEREBY CERTIFY that on June 22, 2022, I electronically filed the foregoing **FEDEX GROUND PACKAGE SYSTEM, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Hassan Ahmad Aburish**
  haburish@fisherphillips.com, yhernandez@fisherphillips.com

- **Barak J. Babcock**
  barak.babcock@fedex.com, csressler@fedex.com, sonia.walker@fedex.com, christinamendoza@fedex.com

- **Kristina Avena Buan**
  kbuan@fisherphillips.com

- **Brandy Thompson Cody**
  bcody@fisherphillips.com, cramirez@fisherphillips.com, mmalyuk@fisherphillips.com, jberkley@fisherphillips.com, etoller@fisherphillips.com, spolk@fisherphillips.com

- **Adam Blair Corren**
  correnlaw@sbcglobal.net

- **Michelle R. Ferber**
  mferber@ferberlaw.com, 6333705420@filings.docketbird.com, 3399552420@filings.docketbird.com, 2667975420@filings.docketbird.com

- **Morgan Forsey**
  mforsey@sheppardmullin.com, dgilliland@sheppardmullin.com

- **Joshua Geoffrey Konecky**
  jkonecky@schneiderwallace.com, npiller@schneiderwallace.com, efilings@schneiderwallace.com, mail@schneiderwallace.com, 2732702420@filings.docketbird.com

- **Peter Younghoon Lee**
  plee@sheppardmullin.com, 3531932420@filings.docketbird.com, 5020282420@filings.docketbird.com, mtom-hum@sheppardmullin.com

- **Albert C. Lin**
  alin@fisherphillips.com, amiranda@fisherphillips.com

- **Jennifer R. Lucas**
  jlucas@ferberlaw.com

- **Lucky Meinz**
  lmeinz@sheppardmullin.com

- **Andrew Howell Myers**
  myers@wtotrial.com, ruocco@wtotrial.com, keitlen@wtotrial.com

- **Shannon Bettis Nakabayashi**
  shannon.nakabayashi@jacksonlewis.com, shannon-nakabayashi-4405@ecf.pacerpro.com, fatimah.sikin@jacksonlewis.com, sanfranciscodocketing@jacksonlewis.com

- **Myngoc T. Nguyen**
  mnguyen@fisherphillips.com, ecamanag@fisherphillips.com

- **Jesse Soto Ortiz , III**
  jesse@jesseortizlaw.com

- **Daniel E. Park**
  dpark@parklawcorp.com

- **Jeremy David Pasternak**
  jdp@pasternaklaw.com, mr@pasternaklaw.com, my@pasternaklaw.com, dm@pasternaklaw.com

- **Nathan Bunnell Piller**
  npiller@schneiderwallace.com, efilings@schneiderwallace.com, 7614105420@filings.docketbird.com, mail@schneiderwallace.com

- **Jessica Goneau Scott**
  scott@wtotrial.com, umaguing@wtotrial.com

- **David J. Schaller**
  schaller@wtotrial.com

- **Juan S. Ramirez**
  ramirez@wtotrial.com; miller@wtotrial.com

- **Spencer D. Sinclair**
  office@correnlaw.com, ssinclair@correnlaw.com

- **Nora K Stilestein**
  nstilestein@sheppardmullin.com, lcisneros@sheppardmullin.com

- **Yongqing Douglas Yang**
  dyang@sheppardmullin.com, bdelacruz@sheppardmullin.com

*/s/ Jessica G. Scott*