1 | Brandy T. Cody, State Bar No. 196923
Email: bcody@fishisphillips.com
2 | FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
3 | San Diego, CA 92121
Telephone (858) 597-9600
4 | Facsimile (858) 597-9601

5 | Jessica G. Scott, *appearing pro hac vice*
Email: scott@wtotrial.com
6 | David J. Schaller, *appearing pro hac vice*
Email: schaller@wtotrial.com
7 | Juan S. Ramirez, *appearing pro hac vice*
Email: ramirez@wtotrial.com
8 | Andrew H. Myers, admitted Pro Hac Vice
Email: myers@wtotrial.com
9 | WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
10 | Denver, CO 80202-5647
Telephone: (303) 244-1800
11 | Facsimile: (303) 244-1879

12 | [ADDITIONAL COUNSEL LISTED
ON NEXT PAGE]
13 |
14 | Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SOBASZKIEWICZ and KEVIN STERLING, individually and on behalf of all others similarly situated, and as a proxy of the State of California on behalf of aggrieved employees, and Herman Overpeck, individually only,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FEDEX CORPORATION; FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>　　　　Defendants. | Case No: 4:18-cv-07553-PJH (DMR)<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　September 15, 2022<br><br>Time: 2:00 p.m.<br><br>Dept.: Courtroom No. 3, 3rd Floor |

| | |
|---|---|
| 1 | Albert C. Lin, State Bar No. 304808 |
| | Email: alin@fishisphillips.com |
| 2 | Myngoc T. Nguyen |
| | Email: mnguyen@fisherphillips.com |
| 3 | Kristina N. Buan |
| | Email: kbuan@fisherphillips.com |
| 4 | FISHER & PHILLIPS LLP |
| | 2050 Main Street, Suite 1000 |
| 5 | Irvine, California 92614 |
| | Telephone: (949) 851-2424 |
| 6 | Facsimile: (949) 851-0152 |
| 7 | Attorneys for Defendant |
| | FEDEX GROUND PACKAGE SYSTEM, INC. |
| 8 | |
| 9 | Jeremy Pasternak, State Bar No. 181618 |
| | jdp@pasternaklaw.com |
| 10 | Deanna Maxfield, State Bar No. 291913 |
| | dm@pasternaklaw.com |
| 11 | LAW OFFICES OF JEREMY PASTERNAK |
| | 354 Pine Street, 5th Floor |
| 12 | San Francisco, California 94104 |
| | Tel:   (415) 376-1710 |
| 13 | Fax:   (415) 693-0393 |
| 14 | |
| | Joshua Konecky, SBN 182897 |
| 15 | jkonecky@schneiderwallace.com |
| | Nathan Piller, SBN 300569 |
| 16 | npiller@schneiderwallace.com |
| | SCHNEIDER WALLACE COTTRELL |
| 17 | KONECKY LLP |
| 18 | 2000 Powell Street, Suite 1400 |
| | San Francisco, CA 94104 |
| 19 | Telephone:   (415) 421-7100 |
| | Facsimile:   (415) 421-7105 |
| 20 | |
| 21 | Attorneys for Plaintiffs |
| 22 | Barak J. Babcock |
| | Christopher M. Ahearn |
| 23 | FEDERAL EXPRESS CORPORATION |
| | 3620 Hacks Cross Road, Building B – 3rd Floor |
| 24 | Memphis, TN 38125 |
| 25 | Ph: (901) 434-8523 |
| | Fx: (901) 492-9930 |
| 26 | Email: barak.babcock@fedex.com |
| | Email: christopher.ahearn@fedex.com |
| 27 | Attorneys for Defendant |
| | FEDEX CORPORATION |
| 28 | |

Pursuant to the Court's order of September 1, 2022, the Parties submit an updated case management statement in advance of the Case Management Conference set for September 15, 2022, at 2:00 p.m. Plaintiffs Overpeck, Sterling, and Sobaszkiewicz ("Plaintiffs"), FedEx Ground, and FedEx Corporation, (collectively, "the Parties") have conferred and state as follows (given the multitude of previous case management statements filed previously, the Parties submit here only new developments and scheduling):

## I. BACKGROUND

This is a wage and hour suit brought by long-haul and local delivery drivers who allege they were denied wages, breaks, and other employment protections while providing transportation and delivery services in California for defendants FedEx Ground Package System, Inc., and FedEx Corporation. Plaintiffs allege that they are jointly employed by FedEx Ground and the service providers who have contracts with FedEx Ground, and that FedEx Corporation is an integrated enterprise with FedEx Ground. Plaintiffs allege that FedEx Ground has direct and/or indirect control over their wages, hours and working conditions, and suffers and permits their work, but has denied them the employment protections they are entitled to under California law. Defendants deny that they are joint employers of Plaintiffs under California law and deny that Plaintiffs ever provided them transportation and delivery services as Plaintiffs claim. FedEx Ground contends that the service providers with which it contracts run independent businesses and manage, schedule, pay, and otherwise direct their own employees as they see fit. FedEx Corporation claims that its involvement is even more removed than FedEx Ground's; FedEx Corporation does not contract with service providers or have any interaction whatsoever with their drivers.

## II. MOTIONS

The Court denied Plaintiffs' motion for class certification on March 25, 2022 (ECF No. 362). The Court granted in part and denied in part FedEx Ground's motion for summary judgment on September 1, 2022 (ECF No. 392). The parties stipulate that, subject to Court approval, the Court's summary judgment order applies to the claims asserted against FedEx Corporation equally as to the claims asserted against FedEx Ground. FedEx Corporation may decide to file a motion for summary judgment on separate bases. The parties will meet and confer before the filing of any such motion to

determine if any issues can be resolved or narrowed without the need for additional discovery, depositions or motion practice on the issues for which FedEx Corporation might otherwise move.

FedEx Ground anticipates filing a motion to strike Plaintiffs' PAGA claim. FedEx Corporation may join in that motion. FedEx Ground anticipates filing said motion no later than January 16, 2022, but may request a reasonable extension to do so based on a pending case before the California Supreme Court.

Plaintiffs' preference is not to have additional motion practice, but instead to proceed to trial in or about April 2023, as proposed below, or at the earliest date thereafter that the Court might be available. In the event the trial is pushed back due to further motion practice by Defendant(s), Plaintiffs would request the opportunity to bring a motion for summary adjudication on the joint employer issue during the time period reserved for such further motion practice.

Other than pre-trial motions, such as motions related to experts and motions in limine, the parties do not expect other motion practice before trial.

### III. LEGAL ISSUES

The disputed claims that remain in the case are as follows:

1. Failure to Pay for All Hours Worked, Cal. Labor Code §§ 201, 202, 204, 221-23, and 226.2, except to the extent derivative of (i) all Plaintiffs' now-dismissed common law fraud and conversion claims, (ii) Overpeck's and Sobaszkiewicz's now-dismissed meal and rest break claims and overtime claim, and (iii) Sterling's meal and rest break claims and overtime claim for days in which he drove vehicles with a GVWR of 10,001 pounds or more. The Parties continue to dispute the application of a "short-haul exception," with Defendants contending such a purported exception does not exist as described by Plaintiffs and does not apply to Sterling at all. Plaintiffs believe that the short-haul exception exists and applies to Sterling.

2. Failure to Provide Meal Periods, Cal. Labor Code §§ 226.7, 512 and 8 Cal. Code Regs. § 11090, remains only for Sterling, for days in which he drove vehicles with a GVWR of 10,000 pounds or less. The Parties continue to dispute the application of a "short-haul exception," with Defendants contending such a purported exception does not exist as described by Plaintiffs and

does not apply to Sterling at all. Plaintiffs believe that the short-haul exception exists and applies to Sterling.

      3.      Failure to Provide Rest Periods, Cal. Labor Code § 226.7 and 8 Cal. Code Regs. § 11090, remains only for Sterling, for weeks in which he drove vehicles with a GVWR of 10,000 pounds or less. The Parties continue to dispute the application of a "short-haul exception," with Defendants contending such a purported exception does not exist as described by Plaintiffs and does not apply to Sterling at all. Plaintiffs believe that the short-haul exception exists and applies to Sterling.

      4.      Failure to Pay Minimum Wages, Cal. Labor Code §§ 1182.11–82.12, 1194, and 1197–97.1, except to the extent derivative of (i) all Plaintiffs' now-dismissed common law fraud and conversion claims, (ii) Overpeck's and Sobaszkiewicz's now-dismissed meal and rest break claims and overtime claim, and (iii) Sterling's meal and rest break claims and overtime claim for weeks in which he drove vehicles with a GVWR of 10,001 pounds or more. The Parties continue to dispute the application of a "short-haul exception," with Defendants contending such a purported exception does not exist as described by Plaintiffs and does not apply to Sterling at all. Plaintiffs believe that the short-haul exception exists and applies to Sterling.

      5.      Failure to Pay Overtime Compensation, Cal. Labor Code §§ 510, 515.5, 1194, and 1198 et seq., remains only for Sterling, for weeks in which he drove vehicles with a GVWR of 10,000 pounds or less. The Parties continue to dispute the application of a "short-haul exception," with Defendants contending such a purported exception does not exist as described by Plaintiffs and does not apply to Sterling at all. Plaintiffs believe that the short-haul exception exists and applies to Sterling.

      6.      Failure to Keep Payroll Records, Cal. Labor Code §§ 1174–74.5. It is Defendants' position that this claim still remains in the case, <u>except to the extent derivative of</u> (i) all Plaintiffs' now-dismissed common law fraud and conversion claims, (ii) Overpeck's and Sobaszkiewicz's now-dismissed meal and rest break claims and overtime claim, and (iii) Sterling's meal and rest break claims and overtime claim for weeks in which he drove vehicles with a GVWR of 10,001 pounds or more.

7. Failure to Furnish Accurate Wage Statements, Cal. Labor Code § 226, except claim cannot be based on FedEx Ground's name and information missing from wage statements (Court granted summary judgment on that theory), and except to the extent derivative of (i) all Plaintiffs' now-dismissed common law fraud and conversion claims, (ii) Overpeck's and Sobaszkiewicz's now-dismissed meal and rest break claims and overtime claim, (iii) Sterling's meal and rest break claims and overtime claim for weeks in which he drove vehicles with a GVWR of 10,001 pounds or more. The Parties continue to dispute the application of a "short-haul exception," with Defendants contending such a purported exception does not exist as described by Plaintiffs and does not apply to Sterling at all. Plaintiffs believe that the short-haul exception exists and applies to Sterling.

8. Waiting Time Penalties, Cal. Labor Code §§ 201–03. It is Defendants' position that this claim still remains in the case, <u>except to the extent derivative of</u> (i) all Plaintiffs' now-dismissed common law fraud and conversion claims, (ii) Overpeck's and Sobaszkiewicz's now-dismissed meal and rest break claims and overtime claim, and (iii) Sterling's meal and rest break claims and overtime claim for weeks in which he drove vehicles with a GVWR of 10,001 pounds or more.

9. Unfair Competition and Unlawful Business Practices, Cal. Bus. & Prof. Code § 17200, et seq., except to the extent derivative of (i) all Plaintiffs' now-dismissed common law fraud and conversion claims, (ii) Overpeck's and Sobaszkiewicz's now-dismissed meal and rest break claims and overtime claim, (iii) Sterling's meal and rest break claims and overtime claim for weeks in which he drove vehicles with a GVWR of 10,001 pounds or more, and (iv) Plaintiffs' inaccurate wage statement claim based on the absence of FedEx Ground's name and information from the wage statements. The Parties continue to dispute the application of a "short-haul exception," with Defendants contending such a purported exception does not exist as described by Plaintiffs and does not apply to Sterling at all. Plaintiffs believe that the short-haul exception exists and applies to Sterling.

10. Private Attorneys General Act violations, Cal. Labor Code § 2698, et seq., except to the extent derivative of (i) all Plaintiffs' now-dismissed common law fraud and conversion claims, (ii) Overpeck's and Sobaszkiewicz's now-dismissed meal and rest break claims and overtime claim, (iii) Sterling's meal and rest break claims and overtime claim for weeks in which he drove vehicles

with a GVWR of 10,001 pounds or more, and (iv) Plaintiffs' inaccurate wage statement claim based on the absence of FedEx Ground's name and information from the wage statements. The Parties continue to dispute the application of a "short-haul exception," with Defendants contending such a purported exception does not exist as described by Plaintiffs and does not apply to Sterling at all. Plaintiffs believe that the short-haul exception exists and applies to Sterling.

**IV.     DISCLOSURES**

The Parties will supplement their disclosures and discovery responses related to the remaining claims, defenses, and Plaintiffs no later than October 21, 2022.

**V.      DISCOVERY**

The Parties agree that substantial class discovery has been taken to date in this case. Plaintiffs seek time to complete merits and damages discovery related to the three named Plaintiffs, much of which may be coming from third parties, such as the former Service Providers of Plaintiffs. Defendants disagree with Plaintiffs' characterization that merits and damages discovery related to the three named Plaintiffs has not been conducted; it is Defendants' position that all such discovery has taken place. It is FedEx Ground's position that it has produced to Plaintiffs everything it has related to Plaintiffs; and when FedEx Ground deposed Plaintiffs, there was no "class discovery" limitation placed on them. Defendants agree that there might be limited additional discovery to conduct related to the three named Plaintiffs from their Service Provider employers.

The Parties agree to meet and confer as needed if there are any disputes or concerns as to the quantity or scope of such discovery.

Plaintiffs' Further Position on Discovery:

Plaintiffs will conduct discovery to obtain payroll data, records of hours worked, and records of meal and rest periods provided (if any), specific to them. Plaintiffs also will conduct discovery of the local policies (if any) specific to the service providers under which they worked, as well as business discussions and communications these service providers had with FedEx concerning the Plaintiffs, their vehicles and routes. Plaintiffs anticipate that most of this discovery may need come from the service providers through subpoenas and/or stipulations. While Defendants previously

subpoenaed some of this information from the service providers, Plaintiffs believe there are gaps in the production and further discovery is necessary to ensure all available records are produced.

In addition to written discovery, Plaintiffs may take depositions of the owners or business operators of the service providers as well as depositions of facility-level FedEx Ground employees (e.g. managers, dispatchers, contract liaisons, etc.), where Plaintiffs worked. Finally, Plaintiffs will seek discovery to ensure that any scanner data, driver log data, safety reports, audit data, or other records pertaining to them in particular, which are in the possession of FedEx, are produced (to the extent they are not already produced with the supplemental disclosures referenced above or previously).

In response to FedEx's position statement below, Plaintiffs also note that the discovery they took leading up to the motion for class certification did not focus on records or interactions specific to them, their routes, or the facilities out of which they worked. While there was some overlap between class and merits discovery, the previous discovery plans focused on policies and procedures generally applicable to the classes alleged at the time, while contemplating that further merits discovery would happen at a later stage. *See* Dkt. 36; 63, 72, & 170. Moreover, while Defendants took the depositions of various service providers before the motion for class certification, those were taken pursuant to deposition notices that had specific subjects defined by Defendants. While Plaintiffs' counsel asked follow-up questions during the depositions, such questions were in the context of vetting the alleged indispensable party status of the contractors and obtaining evidence to support the motion for class certification. They did not focus on the individual circumstances or claims of the individual Plaintiffs. That said, Plaintiffs are not seeking to duplicate discovery; rather, Plaintiffs simply request that they not be limited to the previous class discovery and/or the discovery that Defendants conducted during the class discovery phase of the case.

FedEx Ground's Further Position on Discovery:

FedEx Ground believes that the vast majority (if not all) of what Plaintiffs contend they think they need in terms of discovery has already been completed, and that further requests to depose individuals from FedEx Ground would be duplicative, unnecessary, and disproportionate to the

needs of the case. Also, the Service Providers that employed Plaintiffs have all already been deposed and provided documents. FedEx Ground agrees to confer in good faith with Plaintiffs' counsel to attempt to reach compromises acceptable to both sides on these issues once Plaintiffs identify more specifically who they seek to depose.

If any Plaintiff continued to work for a Service Provider past the time of their depositions, it is possible FedEx Ground may need to depose those Plaintiffs solely on the pertinent time not already covered. If any Plaintiff worked for an additional Service Provider in the last two years, and that Service Provider has not yet been deposed, FedEx Ground may join Plaintiffs' request to depose any such Service Provider.

FedEx Ground proposes that written discovery be limited to no more than Five Requests for Production, Five Interrogatories, and Ten Requests for Admission. Plaintiffs have already issued 119 document requests to FedEx Ground in this case.

Finally, as shown in FedEx Ground's reply in support of its summary judgment motion (ECF No. 386) and the attached evidence, discovery was never bifurcated in this case. Indeed, the Parties jointly stated in March of 2019 in the Joint Case Management Statement (ECF No. 36) that: "the parties recognize that there will be overlap between pre-certification discovery going to the propriety of class certification and merits discovery, and as such, at this time it does not make sense to formalize any bifurcation between class and merits discovery."

FedEx Corporation's Further Position on Discovery:

FedEx Corporation anticipates taking limited additional discovery to support and clarify the grounds for summary judgment that are unique to it, but believes for the time being that it can likely be limited to 5 Requests for Production, 5 Interrogatories, and 10 Requests for Admission. FedEx Corporation will notify the parties and if necessary seek leave, if a need arises in future for additional discovery.

VI.     RELIEF

Plaintiffs' Statement:

Plaintiffs will be seeking damages at trial for the following alleged violations:

1. <u>Failure to Pay for All Hours Worked and Failure to Pay Minimum Wage</u>

Plaintiffs will seek compensation for off-the-clocked work at either the applicable minimum wage and/or regular rate of pay. This applies to non-driving time that is not covered by the pay scheme in place, such as time spent in the facilities, prepping vehicles, doing work in the FedEx yard, waiting to be dispatched, and time spent in the sleeper berth. It also pertains to unpaid overtime and noncompliant meal and rest periods for Plaintiff Sterling on days when he drove light vehicles and/or short-haul routes. Plaintiffs can calculate these damages by multiplying the estimated time per day they spent performing these uncompensated activities,[1] by their total number of workdays, and then again by the applicable minimum wage and/or regular rate of pay during the time periods at issue (and corresponding overtime rate for Mr. Sterling when the unpaid time exceeds 8 hours in a day or 40 hours in a week on days that he drove light vehicles and/or short-haul routes).[2] Plaintiffs request the opportunity to obtain complete payroll data, scheduling data, route data, scanner data, driver log data, and records of hours worked maintained by either the service providers and/or FedEx, before calculating these damages.

2. <u>Failure to Provide Compliant Meal Periods</u>

Labor Code §§ 226.7 and 512, and Title 8 of the California Code of Regulations § 11090, ¶ 11 prohibit employers from employing an employee for more than five hours without a meal period no less than thirty (30) minutes and for more than ten (10) hours without a second meal period. These damages will be determined by multiplying the number of off-duty meal periods not fully and timely provided to Plaintiffs in compliance with the Wage Order and the California Labor Code by Plaintiffs' regular rates. The number of off-duty meal periods at issue for the calculations will be

---

[1] Plaintiffs in a wage and hour case may prove damages by reasonable estimation when the employer(s) do not maintain complete or accurate time records showing their actual hours worked. *See, e.g., Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946); *Hernandez v. Mendoza* 199 Cal.App.3d 721, 727 (1988).

[2] The regular rate of pay will be either the designated hourly rates of pay or, when paid on a either a salary, per-mile or other piece rate basis, the total weekly earnings divided by 40 hours per week. *See Skyline Homes, Inc. v. Department of Industrial Relations*, 165 Cal.App.3d 239, 247 (1985), disapproved on other grounds in *Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557, 574 (1996); *Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542, 566 (2018).

8
Case No. 4:18-cv-07553-PJH (DMR)
UPDATED JOINT CASE MANAGEMENT STATEMENT

determined by a combination of FedEx's scanner and driver log data for the named Plaintiffs, any records maintained by the service providers showing breaks actually provided, and Plaintiffs' estimates. Plaintiffs request the opportunity to obtain complete payroll data, scheduling data, scanner and driver log data, and records of hours worked maintained by either the service providers and/or FedEx, before calculating these damages.

### 3. Failure to Authorize and Permit Compliant Rest Periods

California Labor Code §226.7 and Title 8 of the California Code of Regulations § 11090, ¶ 12 require Defendants to authorize and permit off duty rest periods to Plaintiffs and members of the proposed Class at the rate of ten minutes net rest time per four hours or major fraction thereof. These damages will be determined by multiplying the number of off-duty rest periods not fully and timely provided to Plaintiffs in compliance with the Wage Order and the California Labor Code by Plaintiffs' regular rates. The number of off-duty rest periods at issue for the calculations will be determined by a combination of FedEx's scanner and driver log data for the named Plaintiffs, any records maintained by the service providers showing breaks actually provided, and Plaintiffs' estimates. Plaintiffs request the opportunity to obtain complete payroll data, scheduling data, scanner and driver log data, and records of hours worked maintained by either the service providers and/or FedEx, before calculating these damages.

### 4. Failure to Keep Accurate Payroll Records

Plaintiffs will seek damages for any willful failure to maintain accurate payroll records, pursuant to Cal. Lab. Code 1174.5. The amount of the penalty is $500 per Plaintiff.

### 5. Failure to Furnish Accurate Wage Statements

Plaintiffs will seek damages for wage statements that do not accurately reflect the wages earned and hours worked as a result of the foregoing alleged violations. Pursuant to Labor Code § 226, statutory damages are $50 for the first inaccurate wage statement and $100 for subsequent violations, up to a maximum of $4,000 per Plaintiff. Plaintiffs request the opportunity to obtain complete payroll data (including all wage statements), scheduling data, route data, scanner data, driver log data, and records of hours worked maintained by either the service providers and/or FedEx, before calculating these damages.

6. <u>Waiting Time Penalties</u>

Plaintiffs will seek damages for Defendants' knowing and intentional failure to pay full compensation owed upon termination. Pursuant to Lab. Code § 203, this will equate to 30 days of wages, which Plaintiffs will calculate based on the wages they earned on a daily basis at the time of their separation of employment. The parties have stipulated that these penalties can be decided by the Court, if necessary, after the jury trial. Plaintiffs request the opportunity to obtain complete payroll data, scheduling data, route data, scanner data, driver log data, and records of hours worked maintained by either the service providers and/or FedEx, before calculating these damages.

7. <u>PAGA Penalties</u>

The parties agree that trial of Plaintiffs' PAGA claim is to the Court, which includes determination of civil penalties, if any. Plaintiffs request the opportunity to obtain complete payroll data, showing all payroll periods at each service provider, before calculating these damages.

<u>Defendants' Statement</u>:

Defendants disagree that Plaintiffs are entitled to any of the relief or damages just described and in the manner just described. Defendants further object to Plaintiffs' attempt to turn this case management statement into a legal brief about how they think case law supports certain damages assumptions, sprung on Defendants just hours before the due date to file this with the Court. Defendants do not believe that is the intent behind the Parties laying out facts related to their claimed damages and how to calculate them, and defenses to same. Defendants do not agree to Plaintiffs' characterization of case law they discuss, but do not think it appropriate to address that in this document. Defendants preserve all arguments in response and will address them at the appropriate stage of the case.

Defendants disagree that Plaintiffs can prove any liability or damages from <u>Defendants'</u> records. As Defendants have been stating since the start of this case, Plaintiffs cannot prove liability or damages on any of their claims without full and complete time and pay records from their Service Provider employers, as well as their Service Providers' handbooks and testimony setting out things such as meal and rest break policies.

Plaintiffs' purported use of scanner data in an attempt to show hours worked or missed meal and rest breaks is improper. The scanner data maintained by FedEx Ground is for compliance with Department of Transportation regulations. The hours measured there are what DOT defines as "on-duty" hours, and DOT does not permit the recording or excluding any breaks or personal time from those on-duty hours. As such, scanner data is over-inclusive and cannot be considered to be "compensable time." Any records of compensable time and meal and rest breaks would have to come from Plaintiffs' actual employers, the Service Providers. Neither Defendant has such records. Nor do Defendants have or maintain any pay records or other employment-type records, or records Plaintiffs reference above that they say they will use to prove their damages, for Plaintiffs, other than what Plaintiffs' Service Provider employers have already provided to all Parties in this case. For example, Defendants do not even know what "scheduling data, route data" Plaintiffs are referring to as Defendants do not maintain such data.

Defendants further object to any attempt by Plaintiffs to prove up what they call off-the-clock time or missed meal and rest breaks using estimates. Estimates which have yet to be properly disclosed to Defendants, thus likely requiring Defendants an additional opportunity to depose them once such estimates are disclosed.

## VII. SETTLEMENT AND ADR

The parties are still discussing whether ADR may be helpful in resolving one or more of the Plaintiffs' claims. The parties propose that any mandated ADR process occur no later than 30 days before the deadline for filing the joint pretrial statement (currently proposed as March 8, 2023, below).

## VIII. NARROWING OF ISSUES

As discussed above, FedEx Ground anticipates filing a motion to strike Plaintiffs' PAGA claim. The parties have yet to meet and confer on the basis of the motion. Plaintiffs reserve their right to oppose the motion.

Plaintiffs and FedEx Corporation will meet and confer to determine whether FedEx Corporation might be dismissed from the case to further narrow issues and claims for trial.

Because several of Plaintiffs' claims are tried to the Court only (as described below), the

Parties agree that bifurcation of those claims make sense, to occur, if at all depending on the results of the jury trial, after the jury trial is completed.

## IX. SCHEDULING

The Parties agree to the following dates:

1. <u>Expert Disclosures (without reports) to be Used Affirmatively by Any Party</u>: October 28, 2022.

2. <u>Rule 26(a)(2) Expert Reports to be Used Affirmatively by Any Party</u>: November 14, 2022.

3. <u>Responsive/Rebuttal Expert Designations</u>: December 22, 2022.

4. <u>Any Reply Expert Reports</u> (no new experts; supplemental/replies from those disclosed on November 14, 2022, only): January 21, 2023.

5. <u>Discovery Cutoff (including Expert Discovery)</u>: February 27, 2023.

6. <u>Joint Pretrial Statement and Other Pretrial Filings Due</u>: March 8, 2023.

7. <u>Pretrial Conference</u>: April 6, 2023, at 2:00 p.m.

- <u>Start of Trial</u>: April 17, 2023.

## X. TRIAL

For the claims to be tried to the jury, the Parties anticipate two weeks for trial (considering the Court's days and times available for trial).

Depending on the results of that trial, the Parties then anticipate a later trial to the Court on the following claims:

1. Unfair Competition and Unlawful Business Practices, Cal. Bus. & Prof. Code § 17200, et seq.

2. Private Attorneys General Act, Cal. Labor Code § 2698, et seq.

3. Waiting Time Penalties, Cal. Labor Code §§ 201–03: trial is to the jury on liability, but the Court decides the penalty if the jury finds liability.

Respectfully submitted,

Dated: September 8, 2022.	WHEELER TRIGG O'DONNELL LLP

By: */s/ Jessica G. Scott*
JESSICA G. SCOTT

Attorney for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

Dated: September 8, 2022.	SCHNEIDER WALLACE COTTRELL KONECKY LLP

By: */s/ Joshua Konecky*
JOSHUA KONECKY

Attorney for PLAINTIFFS

Dated: September 8, 2022.	FEDEX CORPORATION

By: */s/ Christopher M. Ahearn*
CHRISTOPHER M. AHEARN

Attorney for Defendant
FEDEX CORPORATION

# CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on September 8, 2022, I electronically filed the foregoing **UPDATED JOINT CASE MANAGEMENT STATEMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Hassan Ahmad Aburish**
  haburish@fisherphillips.com, yhernandez@fisherphillips.com

- **Barak J. Babcock**
  barak.babcock@fedex.com, csressler@fedex.com, sonia.walker@fedex.com, christinamendoza@fedex.com

- **Kristina Avena Buan**
  kbuan@fisherphillips.com

- **Brandy Thompson Cody**
  bcody@fisherphillips.com, cramirez@fisherphillips.com, mmalyuk@fisherphillips.com, jberkley@fisherphillips.com, etoller@fisherphillips.com, spolk@fisherphillips.com

- **Adam Blair Corren**
  correnlaw@sbcglobal.net

- **Michelle R. Ferber**
  mferber@ferberlaw.com, 6333705420@filings.docketbird.com, 3399552420@filings.docketbird.com, 2667975420@filings.docketbird.com

- **Morgan Forsey**
  mforsey@sheppardmullin.com, dgilliland@sheppardmullin.com

- **Joshua Geoffrey Konecky**
  jkonecky@schneiderwallace.com, npiller@schneiderwallace.com, efilings@schneiderwallace.com, mail@schneiderwallace.com, 2732702420@filings.docketbird.com

- **Peter Younghoon Lee**
  plee@sheppardmullin.com, 3531932420@filings.docketbird.com, 5020282420@filings.docketbird.com, mtom-hum@sheppardmullin.com

- **Albert C. Lin**
  alin@fisherphillips.com, amiranda@fisherphillips.com

- **Jennifer R. Lucas**
  jlucas@ferberlaw.com

- **Lucky Meinz**
  lmeinz@sheppardmullin.com

- **Andrew Howell Myers**
  myers@wtotrial.com, ruocco@wtotrial.com, keitlen@wtotrial.com

- **Shannon Bettis Nakabayashi**
  shannon.nakabayashi@jacksonlewis.com, shannon-nakabayashi-4405@ecf.pacerpro.com, fatimah.sikin@jacksonlewis.com, sanfranciscodocketing@jacksonlewis.com

- **Myngoc T. Nguyen**
  mnguyen@fisherphillips.com, ecamanag@fisherphillips.com

- **Jesse Soto Ortiz, III**
  jesse@jesseortizlaw.com

- **Daniel E. Park**
  dpark@parklawcorp.com

- **Jeremy David Pasternak**
  jdp@pasternaklaw.com, mr@pasternaklaw.com, my@pasternaklaw.com, dm@pasternaklaw.com

- **Nathan Bunnell Piller**
  npiller@schneiderwallace.com, efilings@schneiderwallace.com, 7614105420@filings.docketbird.com, mail@schneiderwallace.com

- **Jessica Goneau Scott**
  scott@wtotrial.com, umaguing@wtotrial.com

- **David J. Schaller**
  schaller@wtotrial.com

- **Juan S. Ramirez**
  ramirez@wtotrial.com; miller@wtotrial.com

- **Spencer D. Sinclair**
  office@correnlaw.com, ssinclair@correnlaw.com

- **Nora K Stilestein**
  nstilestein@sheppardmullin.com, lcisneros@sheppardmullin.com

- **Yongqing Douglas Yang**
  dyang@sheppardmullin.com, bdelacruz@sheppardmullin.com

*Original signature on file at the law firm of Wheeler Trigg O'Donnell LLP*
*[must have this attestation for this court if person signing in is not the signer]*

*/s/ Jessica G. Scott*